**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-5037**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

CORNELL VINCENT,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Catherine C. Blake, District Judge.
(1:05-cr-00371-CCB)

_____

Submitted:  January 28, 2009        Decided:  March 13, 2009

_____

Before TRAXLER, DUNCAN, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Lee Ann Anderson McCall, Washington, D.C., for Appellant.  Rod
J. Rosenstein, United States Attorney, Charles J. Peters,
Assistant  United  States  Attorney,  Baltimore,  Maryland,  for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Cornell Vincent was convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006), and was sentenced to 120 months in prison with a three-year term of supervised release to follow. Vincent timely appealed.

On appeal, Vincent argues that the court: (1) erred in instructing the jury on the interstate commerce element of the offense; (2) erred in admitting expert testimony; (3) abused its discretion in admitting evidence of uncharged drug possession; and (4) imposed a sentence in excess of the statutory maximum. Finding no error, we affirm.

First, relying on United States v. Lopez, 514 U.S. 549 (1995), Vincent contends that the trial court's instruction on the interstate nexus element of § 922(g)(1) "unconstitutionally broadened" the interstate commerce requirement of the statute by incorrectly focusing on the interstate travel of the firearm instead of the interstate impact of Vincent's possession of the firearm. We have previously considered and rejected a challenge to the constitutionality of § 922(g)(1) based on Lopez. In United States v. Wells, 98 F.3d 808, 810-11 (4th Cir. 1996), we determined that "[u]nlike the statute at issue in Lopez, § 922(g) expressly requires the Government to prove the firearm was shipped or transported in interstate or foreign commerce;

2

was possessed in or affected commerce; or was received after having been shipped or transported in interstate or foreign commerce." Wells, 98 F.3d at 811 (internal quotation marks omitted). Thus, "[t]he existence of this jurisdictional element, requiring the Government to show that a nexus exists between the firearm and interstate commerce to obtain a conviction under § 922(g), distinguishes Lopez and satisfies the minimal nexus required for the Commerce Clause." Id. Accordingly, this claim must fail.

Moreover, the district court properly instructed the jury on the interstate commerce portion of the statute. The content of a jury instruction is reviewed to determine whether, viewed as a whole, the instruction fairly states applicable law. United States v. McQueen, 445 F.3d 757, 759 (4th Cir. 2006). Vincent's argument is foreclosed by this Court's holding in McQueen, where we affirmed that "'the Government may establish the requisite interstate commerce nexus by showing that a firearm was manufactured outside the state where the defendant possessed it' and that [Lopez and its progeny] did not alter this required showing." Id. at 759 (quoting United States v. Gallimore, 247 F.3d 134, 138 (4th Cir. 2001)). We conclude the jury instruction fairly stated controlling law.

Next, Vincent argues that the court erred in admitting the "unreliable and prejudicial" expert testimony of Special

3

Agent Hodnett of the Bureau of Alcohol, Tobacco, Firearms and Explosives, because he was not qualified to testify as an expert regarding the interstate nexus of firearms. Because counsel for Vincent did not object to the testimony, the claim is reviewed for plain error. United States v. Olano, 507 U.S. 725, 732-34 (1993).

This court reviews the admission of expert testimony for an abuse of discretion. See United States v. Beasley, 495 F.3d 142, 150 (4th Cir. 2007), cert. denied, 128 S. Ct. 1471 (2008). Expert testimony is admissible if it concerns: (1) scientific, technical, or other specialized knowledge that (2) will aid the jury or other trier of fact to understand or resolve a fact at issue. Fed. R. Evid. 702; see Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 592 (1993); Kumho Tire Co. v. Carmichael, 526 U.S. 137, 141 (1999) (extending Daubert's two-pronged gatekeeping test for scientific evidence to all expert testimony). An expert's testimony is admissible under Rule 702 if it "rests on a reliable foundation and is relevant," Kumho Tire Co., 526 U.S. at 141 (internal quotation marks and citation omitted), and falls outside the common knowledge of the jury. See United States v. Dorsey, 45 F.3d 809, 814-15 (4th Cir. 1995).

Hodnett testified that he examined the records of the firearm manufacturer and found that the firearm was made in

4

Florida. Hodnett gave his opinion that the firearm necessarily traveled across state lines because the firearm was later recovered in Maryland, in Vincent's possession. Hodnett's evidence was reliable, relevant to whether the firearm had traveled in interstate commerce, and outside the jury's common knowledge. Based on this testimony, the jury was free to conclude the weapon had crossed state lines by traveling between Florida and Maryland, and thus moved in interstate commerce. The district court did not abuse its discretion in admitting this testimony.

Vincent also argues that the district court erred when it admitted testimony about the drugs found on Vincent's person at his arrest. He contends that, because he was not charged for with any offense relating to the drugs, their admission was irrelevant, unnecessary, and unfairly prejudicial. This court reviews the district court's admission of evidence for an abuse of discretion. See United States v. Hodge, 354 F.3d 305, 312 (4th Cir. 2004). An abuse of discretion occurs "only when it can be said that the trial court acted arbitrarily or irrationally in admitting evidence." United States v. Williams, 445 F.3d 724, 732 (4th Cir. 2006) (internal quotation marks and citation omitted).

Rule 404(b), Fed. R. Evid., prohibits the admission of evidence of "other crimes" solely to prove a defendant's bad

character, but such evidence may be admissible for other purposes, such as "'proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.'" Hodge, 354 F.3d at 311-12 (quoting Fed. R. Evid. 404(b)). Rule 404(b) only applies to acts extrinsic to the crime charged. "[W]here testimony is admitted as to acts intrinsic to the crime charged, and is not admitted solely to demonstrate bad character, it is admissible." United States v. Chin, 83 F.3d 83, 88 (4th Cir. 1996). "[A]cts are intrinsic when they are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." Id. (internal quotation marks and citation omitted). In addition, evidence of other crimes or "uncharged conduct is not considered 'other crimes'" for Rule 404(b) purposes "if it arose out of the same series of transactions as the charged offense, or if it is necessary to complete the story of the crime on trial." United States v. Kennedy, 32 F.3d 876, 885 (4th Cir. 1994) (internal quotation marks, alterations, and citation omitted).

Vincent argues that the drug evidence was inadmissible because it reflected a prior bad act and the drugs were irrelevant to the firearm charge. He is incorrect. First, the drug evidence, though uncharged, was intrinsic to the firearm conviction as the drugs and firearm were found together during

6

the same criminal episode. Moreover, the jury heard testimony from a police officer that individuals who carry drugs often carry firearms to protect themselves. Thus, the evidence was indicative of Vincent's knowing possession of the firearm and was admissible. Additionally, the court made clear through its instruction to the jury that the drug evidence should be considered only if the jury found it helpful in determining whether the defendant knowingly possessed the firearm. The court noted that Vincent was not on trial for any drugs. Therefore, we conclude the district court did not abuse its discretion in admitting this evidence.

Finally, Vincent argues that the district court erred by sentencing him to 120 months plus three years of supervised release. Vincent contends that his sentence exceeds the statutory ten-year maximum sentence of 18 U.S.C. § 924(a)(2) (2006), because if he violates the terms of supervised release he can be ordered to serve all or part of those three years, with the consequence that he would be imprisoned for more than ten years. We have previously held that "supervised release is not considered to be part of the incarceration portion of a sentence and therefore is not limited by the statutory maximum term of incarceration." United States v. Pierce, 75 F.3d 173, 178 (4th Cir. 1996). Therefore, the district court did not err in imposing the term of supervised release.

7

Accordingly, we affirm Vincent's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED