<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 08-5120**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIMOTHY ROOSEVELT EVANS,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern
District of North Carolina, at New Bern.  Louise W. Flanagan,
Chief District Judge.  (5:08-cr-00054-FL-1)

─────────────

Argued:  May 14, 2010                    Decided:  May 28, 2010

─────────────

Before MOTZ, KING, and KEENAN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ARGUED:** Mark Russell Sigmon, GRAEBE HANNA & WELBORN, PLLC,
Raleigh, North Carolina, for Appellant.  Denise Walker, OFFICE
OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for
Appellee.  **ON BRIEF:** George E. B. Holding, United States
Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant
United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY,
Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On August 13, 2008, Timothy Evans pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924 (2006). The Government did not assert in the indictment or otherwise that Evans knew the gun was stolen. Nevertheless, in the Presentence Investigation Report, the probation officer recommended a two-level sentencing enhancement pursuant to section 2K2.1(b)(4) of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") because Evans possessed a stolen firearm. At the sentencing hearing, Evans objected to the enhancement on Sixth Amendment grounds, arguing that the Government should have alleged in the indictment, and proved beyond a reasonable doubt, that the firearm was stolen. The district court rejected that argument, adopted the probation officer's recommendation, and sentenced Evans to 92 months' imprisonment (the bottom of the applicable 92-to-115-month Guidelines range) and three years' supervised release.

I.

Evans timely noted this appeal. His attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). In this brief, Evans raises two issues: the district court assertedly (1) miscalculated the Guidelines range and (2) imposed a substantively unreasonable sentence.

2

As to the first contention, Evans's counsel noted that rectifying the district court's alleged mistake would not change the applicable advisory Guidelines range, thus rendering any error harmless. Petr.'s Br. 11. We have reviewed the record, and we agree.

As to the second claim, Evans's counsel conceded that it had no merit, and we agree. Petr.'s Br. 18-19. The district court properly considered the § 3553(a) factors, and Evans has not rebutted the appellate presumption that the district court imposed a reasonable within-Guidelines sentence. See United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008).

## II.

Evans filed a supplemental brief in which he contends that the district court violated due process when it increased his sentence by two levels pursuant to U.S.S.G. § 2K2.1(b)(4). Petr.'s Supp. Br. 2, 15. Section 2K2.1(b)(4) imposes a two-level enhancement when a crime involves a stolen firearm, and the relevant commentary provides that "[s]ubsection (b)(4) applies regardless of whether the defendant knew or had reason to believe that the firearm was stolen." U.S.S.G. § 2K2.1 cmt. n.8(B). Evans claims that the lack of a scienter requirement in the commentary violates due process.

Evans did not challenge the enhancement on due process grounds in the district court, and therefore we review that court's sentencing order for plain error. See Fed. R. Crim. P. 52. Evans must show "(1) error, (2) that is plain, and (3) that affects substantial rights." United States v. Beasley, 495 F.3d 142, 148 (4th Cir. 2007) (internal quotation marks omitted). If Evans demonstrates all three requirements, we may "exercise [our] discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. In this case, even if the district court erred in its interpretation of § 2K2.1(b)(4), we cannot conclude that this error was "plain" because "for an error to be 'plain,' the error must be plain 'under current law.'" Id. at 149. There existed no controlling law declaring the commentary to § 2K2.1(b)(4) invalid on due process grounds at the time of Evans's sentencing, and there exists no such law now. Thus Evans cannot show plain error.

## III.

For these reasons, we affirm the judgment of the district court.

AFFIRMED

4