**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Curtis A. BEASLEY, a/k/a Pooh,
Defendant–Appellant.**

**No. 04–4107.**

United States Court of Appeals,
Fourth Circuit.

Argued: March 16, 2007.

Decided: July 25, 2007.

---

**ARGUED:** Fletcher N. Smith, Jr., Greenville, South Carolina, for Appellant. Regan Alexandra Pendleton, Assistant United States Attorney, Office of the United States Attorney, Greenville, South Carolina, for Appellee. **ON BRIEF:** Reginald I. Lloyd, United States Attorney, Columbia, South Carolina, for Appellee.

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

Affirmed by published opinion. Judge NIEMEYER wrote the opinion, in which Judge MICHAEL and Judge GREGORY joined.

## OPINION

NIEMEYER, Circuit Judge:

A jury convicted Curtis Beasley of conspiracy to distribute at least 5 grams, but less than 50 grams, of crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1)(B), and possession of 5 grams or more of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(b)(1)(B). Based on the fact that Beasley had twice before been convicted of felony drug offenses, the district court sentenced him to 408 months' imprisonment on each count, to run concurrently. *See* 21 U.S.C. § 841(b)(1)(B); U.S.S.G. § 4B1.1.

On appeal, Beasley contends for the first time that the district court was not authorized to rely on the enhanced penalties provided by § 841(b)(1)(B) for repeat drug offenders because the government did not file an "information" "before trial," as required by 21 U.S.C. § 851(a), and therefore did not provide him with timely notice of its intent to rely on his prior convictions to request increased punishment. The government filed a § 851 information one

week after the jury had been selected but two weeks before the jury was sworn and opening statements were made. Beasley contends that because "before trial" requires the filing to be made before *jury selection begins,* the government did not comply with the procedural requirements of § 851, and therefore his sentence could not be increased based on his prior felony drug convictions. He argues that the § 851 process is not only a condition precedent to an increased punishment but also jurisdictional, entitling him to raise the issue for the first time on appeal.

We conclude that 21 U.S.C. § 851 is not jurisdictional and therefore is subject to the usual rules of procedural default. Because Beasley failed to object to the § 851 information below, he forfeited his claim, and we therefore conduct our review under the plain error standard of Federal Rules of Criminal Procedure 52(b). As Beasley failed to satisfy the criteria for noticing plain error, we reject Beasley's challenge based on an untimely filing of the § 851 information. We also reject Beasley's two challenges to the district court's evidentiary rulings. Accordingly, we affirm.

## I

Beasley's convictions for violating § 841(b)(1)(B) subjected him to an increased statutory penalty because he had a "prior conviction for a felony drug offense." 21 U.S.C. § 841(b)(1)(B). Without a prior conviction, Beasley faced a sentence of 5 to 40 years' imprisonment; with a prior conviction, however, he faced a sentence of 10 years' to life imprisonment, so long as the government elected to pursue the increased punishment by filing a § 851 information.

On January 12, 2004, more than two weeks before the jury was sworn and opening statements were made, the government filed and served a § 851 informa-tion indicating that it intended to rely on Beasley's two prior felony drug convictions to seek an enhanced sentence under § 841(b)(1)(B). By then, however, the jury had already been selected. Under the practice that the district court employed, the jury was selected on January 6, 2004, three weeks before swearing the jury and beginning with opening statements.

After receiving the § 851 information, Beasley filed several pre-trial motions, including a motion to dismiss, a motion to suppress, and a motion in limine, but he did not file any paper contesting the substance contained in the § 851 information or the information's timeliness.

After conviction and during sentencing, the district court assumed that the § 851 information had been timely filed, and, based on Beasley's prior felony drug convictions, enhanced Beasley's sentence. Thus, Beasley was subject to a maximum of life imprisonment under § 841(b)(1)(B), and his offense level, as determined by U.S.S.G. § 4B1.1, was 37, yielding a recommended sentencing range of 360 months' to life imprisonment. The district court sentenced Beasley to 408 months' imprisonment and, as mandated by § 841(b)(1)(B), to 8 years of supervised release. In the absence of an increased statutory sentence, the Sentencing Guidelines would have recommended a sentence in the range of 262 to 327 months' imprisonment and 5 years' supervised release.

On appeal, Beasley contends for the first time that the § 851 information was filed untimely because it was not filed before the jury was selected. He also challenges two evidentiary rulings made by the district court at trial.

## II

■ Beasley's challenge to the timeliness of the government's § 851 filing is

raised for the first time here on appeal, and therefore we would ordinarily review the issue for plain error, unless § 851 were jurisdictional. If the procedural requirements of § 851 were jurisdictional, Beasley's challenge could be raised for the first time on appeal because any jurisdictional defect would "require correction regardless of whether the error was raised in the district court." *United States v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002).

Beasley appears to be arguing that the requirements of § 851 were indeed jurisdictional, relying on *Harris v. United States*, 149 F.3d 1304, 1307 (11th Cir.1998). Accordingly, we address first the question of whether § 851 requirements are jurisdictional.

■ Subject matter jurisdiction concerns a court's very power to hear a case, and because "a court's power to hear a case can never be forfeited or waived," the lack of subject matter jurisdiction can be raised at any time. *Cotton*, 535 U.S. at 630, 122 S.Ct. 1781. "Without jurisdiction the court cannot proceed at all in any cause [except to] announc[e] the fact and dismiss[ ] the cause." *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1869). If the requirements of § 851 were jurisdictional for purposes of increasing punishment under 21 U.S.C. § 841(b)(1)(B), under Beasley's argument we could not review the merits of whether punishment may be enhanced but could only dismiss the increased sentence.

Section 851(a) reads in pertinent part:

No person who stands convicted of an offense under this part [21 U.S.C. § 841 *et seq.*] shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

■ 21 U.S.C. § 851(a)(1). On its face, this language does not confer jurisdiction or limit it, nor does it make the court's jurisdiction conditional. Rather, it imposes a condition on *"increased punishment by reason of one or more prior convictions." Id.* (emphasis added). Regardless of whether the condition is met, a district court derives its jurisdiction to determine the issue of increased punishment from 18 U.S.C. § 3231, which provides that the federal district courts "have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." It follows that "this jurisdiction necessarily includes the imposition of criminal penalties." *Prou v. United States*, 199 F.3d 37, 45 (1st Cir.1999).

■■ Thus, when a district court imposes a sentence for a federal offense outside of the statutory range or when it ignores statutory mandates for sentencing, such as are contained in 18 U.S.C. § 3553(a), it is not acting without power; it is exercising its power erroneously, which is subject to correction on review by appellate courts. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 90, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (differentiating between a court's power to hear a case—its subject matter jurisdiction—and its power to issue a remedy). In *Steel Co.*, the federal statute specified the limits of the district court's powers to grant relief, with Congress even using the word "jurisdiction" to describe those limits. *See Steel Co.*, 523 U.S. at 90, 118 S.Ct. 1003. But the Supreme Court held that such rules of law "specifying the remedial *powers* of the court, *viz.*, to enforce the violated requirement and to impose civil [or criminal] penalties," do not affect the

court's jurisdiction. *Id.* (emphasis in original); *cf. Jones v. United States,* 527 U.S. 373, 386–88, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999) (holding that the extra procedural safeguards found in the Federal Death Penalty Act for capital cases are subject to plain-error review). Thus, once a court has subject matter jurisdiction over a case it does not lose that jurisdiction by exceeding the court's remedial authority.

■ Section 851 simply specifies "remedial powers" of the court, regulating the level of a sentence that may be imposed in a federal criminal case, over which the district court otherwise has subject matter jurisdiction pursuant to 18 U.S.C. § 3231, and the district court is not stripped of jurisdiction when the government fails to comply with the provision's procedural requirements. Moreover, the requirements of § 851 can be waived by defendants, unlike genuine jurisdictional limits. While § 851 uses mandatory language, so do numerous other statutory and constitutional guarantees that are waivable. *See United States v. Mezzanatto,* 513 U.S. 196, 201–03, 115 S.Ct. 797, 130 L.Ed.2d 697 (1995) (listing examples). "A defendant who may waive indictment, despite the fifth amendment's unqualified language," may also "waive the filing of an information [under § 851] listing prior convictions." *United States v. Lawuary,* 211 F.3d 372, 379 (7th Cir.2000) (Easterbrook, J., concurring).

■ We conclude that the government's alleged failure to comply with the procedural requirements of § 851(a) renders erroneous a court's reliance on § 841(b)(1)(B) to enhance a sentence for repeat drug offenders, nothing more. *See United States v. LaBonte,* 520 U.S. 751, 754 n. 1, 117 S.Ct. 1673, 137 L.Ed.2d 1001 (1997). As such, a defendant's failure to object at trial to the untimeliness of the government's § 851(a) information constitutes a procedural default, permitting

courts of appeal to review the issue only for plain error. In so concluding, we join several other circuits. *See, e.g., United States v. Flowers,* 441 F.3d 900, 903 (10th Cir.2006); *United States v. Ceballos,* 302 F.3d 679, 690–92 (7th Cir.2002); *United States v. Mooring,* 287 F.3d 725, 727 (8th Cir.2002); *Prou,* 199 F.3d at 43–46; *United States v. Vanness,* 85 F.3d 661, 663 n. 2 (D.C.Cir.1996). *But see Harris v. United States,* 149 F.3d 1304, 1306 (11th Cir.1998); *United States v. Hill,* 142 F.3d 305, 312 (6th Cir.1998).

### III

■ Plain error review of Beasley's sentence is conducted pursuant to Rule 52(b) of the Federal Rules of Criminal Procedure, which provides that "a plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Before an appellate court can notice and correct an error not raised at trial, the defendant must show that there is "(1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. United States,* 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (citing *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)) (quotation marks and other citations omitted); *see also Cotton,* 535 U.S. at 631–32, 122 S.Ct. 1781.

■ In this case, Beasley contends that the district court erred in imposing increased punishment based on an untimely filed § 851 information. He argues that when § 851(a) provides that the information must be filed "before trial," it requires that the information be filed before jury selection begins, which occurred in this case on January 6, 2004. The government

argues that "before trial" means before the jury was sworn, which was on January 28, 2004. In this case, because of the practice followed by the district court, the jury was selected three weeks before it was sworn, and the government filed the § 851 information one week after jury selection and two weeks before the jury was sworn. Applying the criteria of Rule 52(b), we address whether the timing of the government's filing was plain error.

■■■■ The operative language of § 851(a) directs that no person "shall be sentenced to increased punishment by reason of one or more prior convictions, unless *before trial* ... the United States attorney files an information," identifying the convictions to be relied on. (Emphasis added). The primary purpose of this provision is to give the defendant notice of the government's intention to seek an enhanced sentence based on the defendant's prior convictions, giving the defendant an opportunity to challenge the use of the prior convictions and to prevent sentencing errors. *See United States v. Campbell,* 980 F.2d 245, 252 (4th Cir.1992) ("The purpose of the section 851 information is to give the person convicted and about to be sentenced as a second offender an opportunity to show that he is not the person previously convicted") (citation and quotation marks omitted). Another purpose is to provide the repeat drug offender with full knowledge before trial of the consequences of a guilty verdict, thereby enabling him to make informed decisions regarding the entry of a plea or the planning of trial strategy.

In this case, the government filed the § 851 information two weeks *before* the jury was sworn but *after* the jury had been selected. While Beasley filed three pre-trial motions during the two weeks following his receipt of the § 851 information and before the jury was sworn, he did not file a motion challenging the § 851 infor-

mation. Of course, he need not have filed such a motion if he had concluded that the government's § 851 information was filed "before trial."

The term "before trial" is surely ambiguous. We have observed that the beginning of trial may be defined differently in different contexts:

> As a general matter, it cannot be disputed that a "trial" is the judicial proceeding during which the law and the facts are examined to determine the issues between the parties. Accordingly, the beginning of this proceeding must be the first meaningful act in actually conducting the proceeding. And depending on the issue for determining what the first meaningful act is, the beginning of trial may be when the court calls the proceeding to order; or when the court calls the proceeding to order *and* all of the actors are present in the courtroom, including the jury venire; or when the process for the selection of jury begins; or when the jury is impaneled; or when the opening statements are made; or when the first witness is called.

*DeLoach v. Lorillard Tobacco Co.,* 391 F.3d 551, 563 (4th Cir.2004).

■■■ Because there is no controlling precedent—either in the Supreme Court or in our court—on the issue of when a trial begins for purposes of defining "before trial" in § 851(a), we cannot say that it was error for the district court to assume that a § 851 information filed after the jury was selected but before it was sworn was timely filed. *See United States v. Lejarde–Rada,* 319 F.3d 1288, 1291 (11th Cir.2003) ("[W]here the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it"). Furthermore, for an error to be "plain," the error must be plain "under current law." *Olano,* 507

U.S. at 734, 113 S.Ct. 1770. There was no controlling "current law" in this circuit on the meaning of "before trial" when Beasley was sentenced, nor is there any today. *See Johnson*, 520 U.S. at 468, 117 S.Ct. 1544 (holding that "it is enough that an error be 'plain' at the time of appellate consideration"). Accordingly, the district court's assumption that the government filed its § 851 information "before trial" was not plain error, and therefore we will not take notice of it.

## IV

Somewhat distinct from his § 851 argument, Beasley also contends that the district court violated his Sixth Amendment jury trial right when the court found the fact of his previous felony drug convictions, but this contention is directly foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 226, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *See United States v. Booker*, 543 U.S. 220, 244, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *United States v. Cheek*, 415 F.3d 349, 352–53 (4th Cir.2005).

Accordingly, we affirm Beasley's sentence.

## V

Beasley also challenges two of the district court's evidentiary rulings, and we reject both challenges.

■■■ He contends first that the district court abused its discretion in allowing the government's expert witness, Investigator Lyle Kirian of the Greenville County, South Carolina Vice and Narcotics Agency, to testify as an expert witness about the process of converting powder cocaine into crack cocaine without first testing the reliability of his testimony by conducting a hearing pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). The Supreme Court has stated that "the law grants a district court the

same broad latitude when it decides *how* to determine [the] reliability [of expert testimony] as it enjoys in respect to its ultimate reliability determination." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 142, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999) (emphasis in original). Therefore the standard of review is for abuse of discretion. *See United States v. Grimmond*, 137 F.3d 823, 831 (4th Cir.1998) ("A district court's evidentiary rulings are reviewed under the narrow abuse of discretion standard"). Recognizing the broad latitude given to trial courts, we conclude that the district court did not abuse its discretion by not conducting a *Daubert* hearing in this case. Kirian's credentials, which were substantial, included: training in numerous law enforcement courses on the identification of narcotics, including identifying clandestine drug-making labs; participation as a member of a local narcotics agency in the seizure of cocaine in its various stages on its way to becoming crack cocaine; and witnessing on video the full process of turning powder cocaine into crack cocaine. This training and experience amply qualified Kirian to give testimony on the process of making crack cocaine from cocaine powder. Accordingly, the district court did not abuse its discretion in allowing him to testify as an expert, without conducting a *Daubert* hearing.

■■■ Finally, Beasley contends that the district court abused its discretion in denying his request for a contemporaneous limiting instruction under Federal Rule of Evidence 105 to instruct the jury when evidence was admissible against one party, but not another. Rule 105 provides that "the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly," and we have held that the timing of such an instruction is left to the discretion of the trial court. *See Klein v. Sears, Roebuck & Co.*, 773 F.2d 1421, 1426 (4th Cir.1985) ("The more modern approach is to defer to the trial court's

discretion as to the timing of the limiting instruction even in criminal trials"). In this case, the district court met its obligation under Rule 105 when it instructed the jury at the conclusion of the trial that it "is your duty to give separate, personal consideration to the case of each individual defendant. When you do so, you should analyze what the evidence in the case shows with respect to that individual, leaving out of consideration entirely any evidence admitted solely against some other defendant or defendants."

\* \* \*

For the reasons given, we affirm the judgment of the district court.

*AFFIRMED*