**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4784**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

PAULINO CASTRO CORTEZ,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., District Judge.  (1:06-cr-00475-NCT-2)

Submitted:  September 25, 2008       Decided:  November 5, 2008

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Wayne Buchanan Eads, Raleigh, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, David P. Folmar, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paulino Castro Cortez was found guilty for possessing with intent to distribute five kilograms or more of cocaine. The jury found him not guilty, however, for possessing a firearm in furtherance of a drug trafficking crime under 18 U.S.C.A. § 924(c)(1)(A)(i) (West Supp. 2008). He was sentenced to 151 months of imprisonment. On appeal, Cortez alleges the district court erred by giving him a two-level enhancement under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2007), for possessing a dangerous weapon (here a pistol), in light of the jury's verdict on the § 924(c) charge. For the reasons that follow, we affirm.

Cortez concedes on appeal that we review this issue for plain error, as trial counsel failed to raise this issue below.[*] See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993); United States v. Beasley, 495 F.3d 142, 148 (4th Cir. 2007), cert. denied, 128 S. Ct. 1471 (2008). Without the two-level enhancement, Cortez's advisory sentencing range would have been 121-151 months.

Cortez's argument fails as a matter of law. In United States v. Watts, 519 U.S. 148 (1997), the Supreme Court held that "a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so

---

[*]Trial counsel initially filed written objections to the enhancement but he and Cortez abandoned the argument at the sentencing hearing. (JA 274-75).

2

long as that conduct has been proved by a preponderance of the evidence." Id. at 157; see United States v. Hunter, 19 F.3d 895, 897 (4th Cir. 1994) (upholding firearm enhancement where defendant was acquitted of § 924(c) firearm charge). Accordingly, we affirm Cortez's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED