**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4582**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

RODNEY TYREAL WHEELER,

             Defendant - Appellant.

Appeal from the United States District Court for the Northern
District of West Virginia, at Martinsburg.  John Preston Bailey,
Chief District Judge.  (3:07-cr-00070-JPB-3)

Submitted:  November 17, 2008      Decided:  December 1, 2008

Before WILKINSON and MICHAEL, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Troy N. Giatras, THE GIATRAS LAW FIRM, PLLC, Charleston, West
Virginia, for Appellant.   Sharon L. Potter, United States
Attorney, Thomas O. Mucklow, Assistant United States Attorney,
Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney Tyreal Wheeler was convicted after a trial of one count of conspiracy to possess with the intent to distribute in excess of fifty grams of crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(A) (2006), two counts of distribution of crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(C), and one count of possession with intent to distribute 53.7 grams of crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(c).  On appeal, Wheeler claims the district court abused its discretion by denying his motion to suppress evidence and by admitting evidence of a prior felony drug conviction.  He also claims the life sentence was not proportional to the convictions and the Government failed to provide proper notice under 21 U.S.C. § 851 (2006) of its intention to seek an enhanced sentence based upon prior felony drug convictions.  Finding no error, we affirm.

We review the district court's factual findings underlying the denial of a motion to suppress for clear error and its legal conclusions de novo.  United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005).  When a suppression motion has been denied, this court construes the evidence in the light most favorable to the government.  United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).  A traffic stop of a vehicle constitutes a seizure within the meaning of the Fourth Amendment and is permissible if the officer has probable cause to believe

a traffic violation has occurred, Whren v. United States, 517 U.S. 806, 809-10 (1996), or a reasonable suspicion of unlawful conduct, Terry v. Ohio, 392 U.S. 1, 20-22 (1968), regardless of the officer's subjective motivations, Whren, 517 U.S. at 810, 813-19 (1996). See also Adams v. Williams, 407 U.S. 143, 146-48 (1972) (police had reasonable suspicion to stop person in vehicle based upon an informant's tip). In the context of an arrest, probable cause exists "'when facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" Porterfield v. Lott, 156 F.3d 563, 569 (4th Cir. 1998) (quoting Michigan v. DeFillippo, 443 U.S. 31, 37 (1979)). Reasonable suspicion requires more than a hunch but less than probable cause and may be based on the collective knowledge of officers involved in an investigation. United States v. Hensley, 469 U.S. 221, 232 (1985). This court has held that "[b]ecause an ordinary traffic stop constitutes a limited seizure within the meaning of the Fourth and Fourteenth Amendments, . . . such action must be justified by probable cause or a reasonable suspicion, based on specific and articulable facts, of unlawful conduct." United States v. Hassan El, 5 F.3d 726, 729 (4th Cir. 1993) (internal citation omitted). Accordingly, when an officer observes even a

3

minor traffic offense, a stop of the vehicle is constitutionally permissible. Id., 5 F.3d at 730. We find the record clearly supports the finding that the police had reasonable suspicion to believe the car driven by Wheeler was stolen. Thus, there was no constitutional error with respect to stopping or searching the car.

We review the district court's determination of the admissibility of evidence under Rule 404(b) of the Federal Rules of Evidence for abuse of discretion. See United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997). Evidence of other crimes is not admissible to prove bad character or criminal propensity. Fed. R. Evid. 404(b). Such evidence is admissible, however, to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id.; see Queen, 132 F.3d at 994. Rule 404(b) is an inclusive rule, allowing evidence of other crimes or acts except that which tends to prove only criminal disposition. See Queen, 132 F.3d at 994-95.

Evidence of prior acts is admissible under Rule 404(b) and Fed. R. Evid. 403 if the evidence is (1) relevant to an issue other than the general character of the defendant, (2) necessary, and (3) reliable, and if the probative value of the evidence is not substantially outweighed by it prejudicial effect. Queen, 132 F.3d at 997. A limiting jury instruction

4

explaining the purpose for admitting evidence of prior acts and advance notice of the intent to introduce evidence of prior acts provide additional protection to defendants.  See id.  We find the district court did not abuse its discretion by admitting evidence of Wheeler's prior felony drug conviction.  The evidence was relevant on the issues of intent and identity and was not substantially outweighed by unfair prejudice.

"Severe, mandatory penalties may be cruel, but they are not unusual in the constitutional sense, having been employed in various forms throughout our Nation's history." Harmelin v. Michigan, 501 U.S. 957, 994-95 (1991).  In United States v. Kratsas, 45 F.3d 63, 68 (4th Cir. 1995), this court held that "a mandatory sentence of life imprisonment without release, as applied to a repeat drug offender, did not run afoul of the Eighth Amendment's prohibition against cruel and unusual punishment."  We find no error in Wheeler's life sentence.

An enhanced statutory maximum sentence under § 841 based on a prior drug conviction applies only when, before the trial or entry of a guilty plea, the Government has filed an information stating in writing the prior convictions to be relied on and served the information on the defendant.  21 U.S.C. § 851(a)(1) (2006).  The purpose of providing notice under § 851 is to give the defendant reasonable notice of the government's intent to rely on a particular conviction or

5

convictions in seeking an enhanced sentence and to give the defendant a meaningful opportunity to be heard. United States v. Beasley, 495 F.3d 142, 149 (4th Cir. 2007), cert. denied, 128 S. Ct. 1471 (2008). We find the Government was not required in this instance to provide a second § 851 notice after the superseding indictment was issued. See, e.g., United States v. Thompson, 473 F.3d 1137, 1144-47 (11th Cir. 2006).

Accordingly, we affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED