**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 11-4663**

—————————

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

DENISE ANN SOUTHERLAND,

                Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Gerald Bruce Lee, District Judge.  (1:10-cr-00292-GBL-1)

—————————

Submitted:  February 14, 2012        Decided:  March 9, 2012

—————————

Before NIEMEYER, AGEE, and DIAZ, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Rebecca S. Colaw, REBECCA S. COLAW, PC, Suffolk, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Timothy D. Belevetz, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Denise Ann Southerland appeals her fifty-seven-month sentence following her guilty plea to one count of bank fraud, in violation of 18 U.S.C. § 1344 (2006). On appeal, Southerland claims that the district court erred in applying a fourteen-level loss enhancement; ordering allegedly excessive restitution unsupported by specific factual findings regarding her ability to pay; declining to depart downward for her medical conditions; and failing to properly apply 18 U.S.C. § 3553(a) (2006). We affirm.

We review a sentence imposed by a district court under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007); United States v. Lynn, 592 F.3d 572, 578-79 (4th Cir. 2010) (abuse of discretion standard of review applicable when defendant properly preserves a claim of sentencing error in the district court "[b]y drawing arguments from § 3553 for a sentence different than the one ultimately imposed"). We begin by reviewing the sentence for significant procedural error, including improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, choosing a sentence based on clearly erroneous facts, or failing to adequately explain the sentence. Gall, 552 U.S. at 51.

Southerland first argues that the fourteen-level enhancement authorized by U.S. Sentencing Guidelines Manual

2

("USSG") § 2B1.1(b)(1)(H) (2010) is not empirically based and should not be afforded deference. Contrary to her argument, Southerland's sentence is not subject to decreased deference, nor was the district court required to disregard the Guideline on the ground that it is not empirically based. United States v. Rivera-Santana, ___F.3d___, 2012 WL 310871, at *4 (4th Cir. Feb. 2, 2012).

Next, Southerland argues that the $572,811.43 restitution award was not properly calculated because 1) it included a $220,000 loan payment that, Southerland argues, was not related to the bank fraud conviction and was made by people that were not victims of that offense; and 2) the district court did not make specific factual findings regarding Southerland's ability to pay. Because Southerland failed to challenge the restitution order in the district court, the calculation is reviewed for plain error. See United States v. White, 405 F.3d 208, 215 (4th Cir. 2005).

First, we conclude that the district court did not plainly err in including the $220,000 loan payment in the restitution amount. The couple who made the payment were clearly victims directly and proximately harmed by Southerland's criminal conduct in the course of her bank fraud scheme. See 18 U.S.C. § 3663A(a)(2) (2006). Further, there is no controlling precedent on the issue of whether, under the Mandatory Victim

3

Restitution Act of 1996, 18 U.S.C. § 3663A(a)(1) (2006), a district court may include in its restitution calculation a loss caused by the defendant that does not fall under the offense of bank fraud but that is part of the common scheme to defraud. Therefore, it cannot be said that the district court committed plain error when it included the loan payment in the restitution amount. See United States v. Beasley, 495 F.3d 142, 149 (4th Cir. 2007).

We also hold that the district court committed no error, plain or otherwise, with respect to its factual findings regarding Southerland's ability to pay. In making a restitution award, a district court must determine the amount of restitution that the defendant owes, and "the manner in which, and the schedule according to which, the restitution is to be paid." 18 U.S.C. § 3664(f)(2) (2006). In this inquiry the court must make specific findings of fact with respect to "the financial resources and other assets of the defendant," her projected earnings and other income, and her financial obligations, including obligations to dependents. 18 U.S.C. § 3664(f)(2)(A)-(C). The court need not make separate findings of fact, but may adopt the findings set forth in the presentence investigation report ("PSR"), if the facts contained therein are themselves adequate. United States v. Castner, 50 F.3d 1267, 1277 (4th Cir. 1995). Because we hold that the district court's

4

adoption of the PSR's factual findings and its order of periodic payments was adequate, we conclude that the district court did not plainly err in ordering restitution.

Southerland also claims that the district court erred in declining to depart downward for her physical impairment pursuant to USSG § 5H1.4. Because the district court clearly understood its authority to depart downward, we may not consider this claim on appeal. See United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008).

Finally, Southerland argues that her sentence was unreasonable because the district court failed to properly apply the § 3553(a) factors. To the contrary, the district court thoroughly explained its chosen sentence, explicitly considering the severity of the offense, Southerland's criminal history and characteristics, the victim impact, and Southerland's medical conditions. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Southerland to fifty-seven months' imprisonment.

For the foregoing reasons, we affirm the district court's judgment. We deny Southerland's motion to file a pro se supplemental brief and deny as moot her pro se motions for release pending appeal and for expedited review. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED