**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4962**

_____

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

      v.

CARLOS JOSE TREJO RUIZ, a/k/a Carlos Trejo, a/k/a Nika, a/k/a Miqueloyo,

              Defendant – Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, District Judge. (8:10-cr-00472-RWT-3)

_____

Argued: December 12, 2013        Decided: January 10, 2014

_____

Before SHEDD, DUNCAN, and DAVIS, Circuit Judges.

_____

Affirmed by unpublished opinion. Judge Shedd wrote the majority opinion, in which Judge Duncan joined. Judge Davis wrote a dissenting opinion.

_____

**ARGUED:** Anthony Douglas Martin, ANTHONY D. MARTIN, PC, Greenbelt, Maryland, for Appellant. Sujit Raman, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee. **ON BRIEF:** Rod J. Rosenstein, United States Attorney, Baltimore, Maryland, Christen A. Sproule, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

SHEDD, Circuit Judge:

A federal jury convicted Carlos Jose Trejo Ruiz ("Trejo") on five criminal charges related to a drug conspiracy. In this appeal, he challenges his conviction and mandatory 30-year sentence on Count 4, which charged him with possessing a machinegun during and in relation to a drug trafficking offense. See 18 U.S.C. § 924(c)(1)(B)(ii). We affirm.

In pertinent part, 18 U.S.C. § 924(c) prohibits the possession of a firearm in furtherance of a drug trafficking crime. If the firearm is a machinegun, § 924(c)(1)(B)(ii) requires a 30-year mandatory sentence. The term "machinegun" means "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger." 26 U.S.C. § 5845(b). In a prosecution under § 924(c)(1)(B)(ii), the government must prove beyond a reasonable doubt as an element of the offense that the firearm is a machinegun. See United States v. O'Brien, 560 U.S. 218 (2010).

Generally, the government presented evidence at trial tending to establish that in 2009 and 2010, Trejo conspired with others to distribute and possess with intent to distribute cocaine and cocaine base, and that in furtherance of this conspiracy, he sold a firearm to a co-conspirator in exchange

3

for $800-$1,000 worth of cocaine.[1] Additionally, the government presented the testimony of an ATF agent in which the agent opined, as an expert witness, that the firearm at issue "is a machine gun as defined in the National Firearms Act because it's capable of firing more than one round of ammunition with the single functioning trigger." J.A. 114. The agent also testified that the firearm had "Auto" inscribed on its side next to a switch, which, when engaged, allowed the firearm to fire three shots automatically per trigger pull.

The district court instructed the jury that in order to convict Trejo on Count 4, it had to find beyond a reasonable doubt (among other things) that the firearm was a machinegun. The jury specifically made this finding. Viewing the evidence in the light most favorable to the government, and in accord with the jury instructions, the evidence is sufficient for a reasonable jury to conclude that Trejo knowingly possessed the machinegun in furtherance of the drug conspiracy.

Trejo argues, however, that his conviction on Count 4 must be set aside because the jury was not required to find beyond a reasonable doubt that he knew that the firearm was a machinegun. Trejo did not object to the jury instructions, which omitted a

---

[1] Trejo testified at trial, denying that he sold the firearm.

charge that the government bore the burden of proving such knowledge. We therefore review this argument for plain error. See Fed.R.Crim.P. 52(b); United States v. McLamb, 985 F.2d 1284, 1293 (4th Cir. 1993).

Under the plain-error standard of review, our "authority to remedy [an] error . . . is strictly circumscribed." Puckett v. United States, 556 U.S. 129, 134 (2009). In our discretion, we may correct an error not raised at trial only where the appellant demonstrates: (1) there is in fact an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings. United States v. Marcus, 560 U.S. 258, 262 (2010). The burden of establishing entitlement to relief for plain error is on the appellant, United States v. Dominguez Benitez, 542 U.S. 74, 82 (2004), and "[m]eeting all four prongs is difficult, as it should be," Puckett, 556 U.S. at 135 (internal punctuation and citation omitted).

For purposes of plain-error review, an error is "plain" if it is "clear" or "obvious." United States v. Olano, 507 U.S. 725, 734 (1993). Our cases thus hold that an error is plain if (1) the explicit language of a statute or rule resolves the

5

question, or (2) at the time of appellate consideration, the settled law of the Supreme Court or this Court establishes that an error has occurred. See United States v. Carthorne, 726 F.3d 503, 516 (4th Cir. 2013); United States v. Beasley, 495 F.3d 142, 149 (4th Cir. 2007). In the absence of a clear statutory or rule directive, and where neither the Supreme Court nor this Court have spoken directly on a legal issue, "the issue has not been resolved plainly," United States v. Wynn, 684 F.3d 473, 480 (4th Cir. 2012) (emphasis in original), and a district court does not commit plain error by acting in accord with the reasoning of another federal circuit court, see United States v. Strieper, 666 F.3d 288, 295 (4th Cir. 2012).

Trejo cites no statute or rule mandating that the government must prove that a defendant knew of a firearm's automatic capabilities in order to be convicted under § 924(c)(1)(B)(ii). Instead, relying primarily on O'Brien and United States v. Staples, 511 U.S. 600 (1994), Trejo contends that such a requirement is implicit. Even assuming that Trejo is correct,[2] he has only established the first prong of plain-error

---

[2] We need not decide whether error occurred in reviewing a claim for plain error. See, e.g., United States v. Whitfield, 695 F.3d 288, 304 (4th Cir. 2012), cert. denied, 133 S.Ct. 1461 (2013) ("We need not reach or decide those points, however, because even if the court abused its discretion by failing to instruct on § 2113(d), and even if that assumed error was plain, (Continued)

6

review. Trejo's claim fails, however, at the next prong because he cannot establish that the purported error is "plain."

Although the cases on which Trejo relies arguably support his argument, the Supreme Court did not speak directly on the question now before us, and we have not done so either. However, two federal circuit courts of appeals have rejected the same argument Trejo now makes. See United States v. Burwell, 690 F.3d 500 (D.C. Cir. 2012) (en banc), cert. denied, 133 S.Ct. 1459 (2013); United States v. Haile, 685 F.3d 1211 (11th Cir. 2012), cert. denied, 133 S.Ct. 1723 (2013).[3] Under these circumstances, Trejo is not entitled to plain-error relief even if, as he contends, the district court erred. See Strieper, 666 F.3d at 295 ("Because the district court followed the reasoning of the Eighth Circuit regarding an issue on which we have not ruled directly, it did not commit plain error, and we decline to reverse its application of the enhancement.").

Trejo also challenges his mandatory 30-year sentence for the § 924(c)(1)(B)(ii) conviction. We find no merit to Trejo's

---

it neither contravened Whitfield's substantial rights nor warrants the exercise of our discretion to correct it.").

[3] In denying Trejo's post-trial motion for judgment of acquittal, the district court expressly relied on the reasoning of Burwell. See No. RWT:10-cr-00472-3, Order, at 4-5 (D. Md. Oct. 1, 2012).

argument that this sentence is unconstitutional or otherwise improper. <u>See</u> <u>United States v. Khan</u>, 461 F.3d 477, 495 (4th Cir. 2006) (rejecting Eighth Amendment challenge to mandatory § 924(c) sentences); <u>United States v. Robinson</u>, 404 F.3d 850, 861-62 (4th Cir. 2005) (explaining that each sentence for a § 924(c) conviction must be imposed consecutively).

Based on the foregoing, we affirm Trejo's conviction and sentence.

<u>AFFIRMED</u>

DAVIS, Circuit Judge, dissenting:

I respectfully dissent.

First, substantially for the reasons set forth in the dissenting opinion of Judge Rogers in United States v. Burwell, 690 F.3d 500, 519-27 (D.C. Cir. 2012)(en banc)(Rogers, J., dissenting), I would find that there is a mens rea component to the statutory element of the firearm's characteristic as a machine gun. See also id. at 543-51 (Kavanaugh, J., dissenting).

Second, the majority addresses one prong of plain error review: whether the error here was "clear" or "obvious." Lest there be any doubt, however, Supreme Court precedent plainly informs us that "the omission of an element is an error." Neder v. United States, 527 U.S. 1, 15 (1999). Moreover, this case involves an error affecting Trejo's substantial rights and the integrity of judicial proceedings. Accordingly, I would notice the error and conclude that the government failed to prove beyond a reasonable doubt all of the elements of the indictment count charging a violation of 18 U.S.C. § 924(c)(1)(B)(ii) and would therefore reverse and remand for entry of a judgment of acquittal on that count.