**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4551**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

AMIR ALI FARAZ,

        Defendant - Appellant.

**No. 14-4558**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RICARDO RODRIGUEZ,

        Defendant - Appellant.

Appeals from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, Senior District Judge. (8:12-cr-00640-RWT-2; 8:12-cr-00640-RWT-10)

Submitted: September 30, 2015      Decided: October 5, 2015

Before WILKINSON and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

———————————

Marta K. Kahn, THE LAW OFFICE OF MARTA K. KAHN, LLC, Baltimore, Maryland; Joseph J. Gigliotti, Sr., Riverdale, Maryland, for Appellants. Rod J. Rosenstein, United States Attorney, Deborah A. Johnston, Leah Jo Bressack, Assistant United States Attorneys, Greenbelt, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a joint jury trial with Ricardo Rodriguez, Amir Ali Faraz was convicted of conspiracy to distribute and possess with intent to distribute 1 kilogram or more of heroin and 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846 (2012), two counts of possession with intent to distribute heroin, in violation of 18 U.S.C. § 2 (2012) and 21 U.S.C. § 841 (2012), four counts of use of a communication facility to facilitate narcotics trafficking, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 843(b) (2012), and interstate travel with intent to promote drug trafficking, in violation of 18 U.S.C. § 2 and 18 U.S.C. § 1952 (2012). Faraz was sentenced to a total of 240 months' imprisonment. Rodriguez was convicted of conspiracy to distribute and possess with intent to distribute 1 kilogram or more of heroin and 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846, and two counts of use of a communication facility to facilitate narcotics trafficking, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 843(b), and was sentenced to a total of 78 months' imprisonment.

Faraz and Rodriguez now appeal their convictions, arguing that the district court reversibly erred in denying their motions to suppress wiretap evidence. Faraz also challenges the Government's cross-examination of him and his 240-month sentence on the conspiracy count. We affirm.

We review the factual findings underlying a district court's ruling on a motion to suppress for clear error and its legal conclusions de novo. United States v. Vaughan, 700 F.3d 705, 709 (4th Cir. 2012). Wiretaps should not be routinely employed, but rather reserved for instances where necessary because normal investigative techniques would be inadequate to expose the crime. 18 U.S.C. § 2518(3)(c) (2012); United States v. Smith, 31 F.3d 1294, 1297-98 (4th Cir. 1994). The Government bears the burden of showing "necessity"; however, this burden is not great. Smith, 31 F.3d at 1297. The Government's showing should "be tested in a practical and commonsense fashion that does not hamper unduly the investigative powers of law enforcement agents." Id. (internal quotation marks and citations omitted). We review the district court's finding of "necessity" for abuse of discretion. United States v. Wilson, 484 F.3d 267, 281 (4th Cir. 2007).

The Government established necessity through the initial wiretap application and the applications for extension, which thoroughly explained how investigators were having difficulty infiltrating the drug conspiracy, that use of other investigative techniques on their own would be problematic because of their limited value in exposing the full scope of the conspiracy, and that wiretaps combined with other investigative techniques would likely be effective because suspected members

4

of the conspiracy used the target telephones in furtherance of illicit activities. Considering both the detailed showings made in the wiretap applications and investigators' objectives in attempting to ascertain the full scope of the conspiracy, the district court's finding of necessity was not an abuse of discretion. See United States v. Galloway, 749 F.3d 238, 242-43 (4th Cir.), cert. denied, 135 S. Ct. 215 (2014); Smith, 31 F.3d at 1297. The district court thus did not reversibly err in denying Defendants' motions to suppress.

Next, Faraz argues that the district court erred by permitting the Government to cross-examine him about the credibility of other witnesses who testified at trial. Specifically, he objects to Government questioning regarding whether or not portions of the testimony given by certain Government witnesses were inaccurate. He also contends that, after he described one witness' testimony as "preposterous" at trial, it was improper for the Government to ask him whether he would describe other witnesses' testimony as "preposterous."

Faraz did not object in the district court to these lines of questioning or the admission into evidence of his answers to them on the basis he now asserts; accordingly, our review is for plain error only. Henderson v. United States, 133 S. Ct. 1121, 1126-27 (2013). To establish plain error, Faraz must demonstrate that (1) the district court committed an error; (2)

the error was plain; and (3) the error affected his substantial rights. Id. at 1126. A "plain" error is one that is "clear" or "obvious," United States v. Olano, 507 U.S. 725, 733 (1993), under "the settled law of the Supreme Court or this circuit." United States v. Carthorne, 726 F.3d 503, 516 (4th Cir. 2013) (internal quotation marks omitted). For purposes of review under the plain error standard, an error qualifies as plain if it is a clear or obvious error at the time of appellate review. Henderson, 133 S. Ct. at 1127-31.

Appellate courts have held that it is not appropriate for counsel to ask one witness whether another witness is lying because "[s]uch questions invade the province of the jury and force a witness to testify as to something he cannot know, i.e., whether another is intentionally seeking to mislead the tribunal." United States v. Harris, 471 F.3d 507, 511 (3d Cir. 2006) (collecting cases); see United States v. Rivera, 780 F.3d 1084, 1096-97 (1st Cir. 2015) (noting that a prosecutor should not ask a testifying defendant whether another witness was lying but that this does not mean that the prosecutor "will be prohibited from pinning down a defendant's testimony by focusing the latter on conflicts between his account of a certain event and another witness's testimony on that point").

Here, the overwhelming majority of the cross-examination to which Faraz objects did not ask him whether other Government

witnesses were lying or otherwise force Faraz to testify to matters about which he could not know. Rather than seeking to invade the jury's province, the Government's questions largely highlighted discrepancies between Faraz's version of events and those told by the other Government witnesses.

Nevertheless, in one question, Government counsel asked Faraz whether two Government witnesses had implicated themselves by lying at trial. Faraz responded that their testimony was inaccurate. Even if, however, this single question was improper, Faraz cannot establish plain error warranting reversal of his convictions. See United States v. Beasley, 495 F.3d 142, 149 (4th Cir. 2007) (finding no plain error in absence of controlling precedent); United States v. Bennett, 984 F.2d 597, 608 (4th Cir. 1993) (listing factors relevant to determination of whether improper remarks were prejudicial).

Finally, Faraz challenges his 240-month sentence on the conspiracy count, arguing that it violates the Eighth Amendment. Because Faraz failed to raise a constitutional challenge to his sentence in the district court, our review is for plain error. Olano, 507 U.S. at 732-33. Faraz's 240-month prison term on the conspiracy count was the minimum prison term required by statute. 21 U.S.C. §§ 841(b)(1)(A)(i), 851. "Severe, mandatory penalties may be cruel, but they are not unusual in the constitutional sense, having been employed in various forms

7

throughout our Nation's history." <u>Harmelin v. Michigan</u>, 501 U.S. 957, 994–95 (1991). Because Faraz fails to establish the threshold inference that his sentence is grossly disproportionate under the Eighth Amendment, he fails to demonstrate any plain error in his sentence.

Accordingly, we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>