**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 18-4073

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANTONIO RODESQUIZ CRAWLEY,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Timothy M. Cain, District Judge.  (8:15-cr-00129-TMC-4)

Submitted: January 31, 2019              Decided:  February 15, 2019

Before KING, DUNCAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William G. Yarborough, III, Greenville, South Carolina, for Appellant.  Sherri A. Lydon, United States Attorney, Columbia, South Carolina, Andrew B. Moorman, Sr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Antonio Rodesquiz Crawley of conspiracy to possess with intent to distribute and to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2012), and two counts of aiding and abetting the use of a telephone to facilitate a controlled substance felony, in violation of 21 U.S.C. § 843(b) (2012), and 18 U.S.C. § 2 (2012). Because Crawley had two or more final convictions for felony drug offenses, the district court imposed a mandatory life sentence on the conspiracy count.[*] Crawley challenges his conspiracy conviction on the ground that the district court should have given a multiple conspiracy instruction to the jury. He also contends that his life sentence is invalid because of errors in the original information the Government filed pursuant to 21 U.S.C. § 851 (2012), that the predicate convictions on which the district court relied to enhance his sentence are not felony drug offenses, and that his sentence is unconstitutional and unreasonable. We affirm.

"[A] multiple conspiracy instruction is not required unless the proof at trial demonstrates that [the defendant was] involved only in [a] separate conspirac[y] unrelated to the overall conspiracy charged in the indictment." *United States v. Bartko*, 728 F.3d 327, 344 (4th Cir. 2013) (internal quotation marks omitted). "[T]he district court's failure to give a multiple conspiracies instruction is reversible error only when the defendant suffers substantial prejudice as a result." *Id.* "For us to find such prejudice, the evidence of multiple conspiracies [must have been] *so* strong in relation to that of a

---

[*] Crawley received concurrent 96-month sentences on the remaining counts.

2

single conspiracy that the jury probably would have acquitted on the conspiracy count had it been given a cautionary multiple-conspiracy instruction." *Id.* (internal quotation marks omitted). We have reviewed the record and conclude that the evidence at trial supported the jury's finding that Crawley was involved in the single conspiracy charged in the indictment and that Crawley has not shown the jury's verdict would have been different if the district court had given the requested instruction.

Turning to Crawley's sentencing claims, any person who commits a violation of § 841(a)(1) involving five kilograms or more of cocaine "after two or more prior convictions for a felony drug offense have become final . . . shall be sentenced to a mandatory term of life imprisonment." 21 U.S.C. § 841(b)(1)(A); *see* 21 U.S.C. § 802(44) (2012) (defining felony drug offense). Before seeking an enhanced sentence under § 841(b)(1)(A), the Government must file a § 851 information notifying the defendant of its intention to do so; any clerical errors in the information may be corrected before the district court sentences the defendant. 21 U.S.C. § 851(a)(1). The district court, before pronouncing sentence, must confirm with the defendant whether he admits or denies committing the predicate offenses. 21 U.S.C. § 851(b).

In its pretrial information, the Government notified Crawley that it intended to seek a statutory enhancement to his sentence based on his 1997 South Carolina convictions for possession of cocaine, trafficking cocaine 400 grams or more, and trafficking marijuana 10-100 pounds. At sentencing, Crawley disputed the accuracy of the convictions listed in the information, and the Government amended the information to reflect convictions for trafficking crack cocaine not less than 10 grams nor more than 28

grams, conspiracy to traffic cocaine not less than 10 grams nor more than 28 grams, and possession of marijuana with the intent to distribute. The original information accurately listed the dates of conviction, docket numbers, and sentences. Crawley subsequently "affirm[ed] . . . that he ha[d] been previously convicted as alleged in the [amended] information." *See* § 851(b).

We conclude that the errors in the original information, whether clerical or not, did not prejudice Crawley and therefore are not a basis for invalidating his sentence. *See United States v. Beasley*, 495 F.3d 142, 149 (4th Cir. 2007) (discussing purposes for requiring § 851 information). The information as initially written, while regrettably inaccurate in describing the type of the offenses, gave Crawley notice of the Government's intent to seek an enhanced sentence based on certain convictions identified by the conviction dates, the sentences imposed, and the docket numbers. Crawley had an opportunity to challenge the use of those convictions and full knowledge of the consequences of having two predicate felony drug offense convictions. Section § 851 provides a posttrial rather than a pretrial mechanism for challenging the use of convictions to enhance a defendant's sentence, *see* § 851(b), and Crawley fully availed himself of that process.

Next, Crawley does not dispute that his 1997 predicate convictions satisfied the definition of felony drug offense in 21 U.S.C. § 802(44). He instead argues that the offenses are not "serious drug offenses" under 18 U.S.C. § 3559(c)(1)(A)(ii) (2012), without offering any explanation as to why this provision has any relevance to his case. Because his prior convictions fall within the definition of "felony drug offenses" as used

4

in 21 U.S.C. § 841(b)(1)(A), the district court properly applied the statutory sentencing enhancement.

Finally, Crawley argues that his mandatory life sentence is unreasonable and unconstitutional because he was 17 years old when he committed the 1997 offenses. Crawley cites to Supreme Court precedent limiting the imposition of mandatory life sentences for crimes committed by minors. *See Miller v. Alabama*, 567 U.S. 460 (2012); *Graham v. Florida*, 560 U.S. 48 (2012). His reliance on those cases is misplaced, however, because he was not a minor when he engaged in the drug conspiracy in this case, and he does not contest that his previous convictions are adult convictions. Moreover, because § 841(b)(1)(A) required the district court to impose a life sentence, that mandatory sentence is "*per se* reasonable." *United States v. Farrior*, 535 F.3d 210, 224 (4th Cir. 2008), *abrogated on other grounds by Rodriguez v. United States*, 135 S. Ct. 1609 (2015).

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*