**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 21−2113

———————

SUSAN BISHOP, Individually and as Administratrix and Personal Representative of the Estate of John F. Couls; ESTATE OF JOHN F. COULS,

       Plaintiffs – Appellants,

v.

TRIUMPH MOTORCYCLES (AMERICA) LIMITED; TRIUMPH MOTORCYCLES LIMITED, d/b/a Triumph Motorcycles (America) Limited; FREDERICKTOWN YAMAHA,

       Defendants – Appellees.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:18−cv−00186−GMG)

———————

Submitted:  October 3, 2022                    Decided:  November 22, 2022

———————

Before WILKINSON, WYNN, and RUSHING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:** Matthew A. Nace, Christopher T. Nace, PAULSON & NACE, PLLC, Washington, D.C., for Appellants. David M. Ross, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, Washington, D.C.; David L.T. Butler, SHUMAN MCCUSKEY SLICER PLLC, Morgantown, West Virginia, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiffs appeal the summary-judgment order disposing of their product-liability claims. They contend that the district court abused its discretion by excluding the testimony and report of their expert witness, Byron Bloch. Without this evidence, plaintiffs concede that they cannot defeat defendants' motion for summary judgment. Because we hold that excluding Bloch's testimony and report was within the district court's discretion, we affirm its grant of summary judgment.

I.

In November 2016, John Couls went riding on his 2016 Triumph Bonneville T120 motorcycle, which he had purchased in April. While travelling on a West Virginia state highway around 2 p.m., Couls lost control of the vehicle, crossed a grassy median, and then collided head-on with a pickup truck. He perished almost instantly.

Plaintiffs—Couls's widow and estate—have alleged that a design defect in the motorcycle was responsible for his accident. They point to a January 2017 recall notice from Triumph Motorcycles (America) Limited, the vehicle's manufacturer, which warned that Couls's motorcycle could have a potential defect in which activating the heated hand grips jams the throttle, prompting unintended acceleration. While it is unknown whether Couls did in fact activate the heated hand grips prior to his collision, plaintiffs cite testimony from Couls's widow and riding companions that he was not wearing "winter gloves" that day, had previously "bragged" about the heating feature, and was generally "not good in the cold." J.A. 423–425, 516.

2

Defendants—Triumph and the dealership that sold Couls the motorcycle—dispute that there was a defect and counter that other causes could account for his accident. They reference severe wind gusts of more than forty miles per hour, accounts that Couls did not accelerate but *decelerated* when he lost control, and the rumble strip onto which he rode. To the extent that Couls's motorcycle had a defect, defendants argue that Couls caused it himself by previously dropping the motorcycle on its side and then replacing multiple parts.

Two years after the accident, plaintiffs brought suit in the Northern District of West Virginia pursuant to diversity jurisdiction. To bolster their case that the alleged defect was present in Couls's motorcycle and had caused the accident, they introduced human factors engineer Byron Bloch as an expert witness. Stressing a comment from an eyewitness that the front wheel had "started to wobble a little bit" when Couls lost control, Bloch concluded that the motorcycle had the alleged defect, and that the heated hand grips were on at the time of the accident. J.A. 480. Defendants filed a motion to exclude Bloch's testimony and then another motion for summary judgment. The district court granted both motions, finding Bloch's methodology to be unreliable and holding that plaintiffs—lacking that testimony—had not created a genuine dispute as to whether Couls's motorcycle suffered from the alleged defect.

Plaintiffs timely appealed.

## II.

It is the district court's responsibility to "ensure that an expert's opinion is based on scientific, technical, or other specialized knowledge and not on belief or speculation." *Sardis v. Overhead Door Corp.*, 10 F.4th 268, 281 (4th Cir. 2021) (internal quotation marks

3

and emphasis omitted). This "gatekeeper function" serves to protect jurors from "being swayed by dubious scientific testimony." *Nease v. Ford Motor Co.*, 848 F.3d 219, 231 (4th Cir. 2017) (internal quotation marks omitted). The district court must accordingly scrutinize each expert's "principles and methodologies" for reliability. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 595 (1993). We review a district court's application of *Daubert* for abuse of discretion. *Nease*, 848 F.3d at 228.

Here, the district court found Bloch's opinions to be insufficiently reliable to go before a jury. Bloch, while opining that Couls's motorcycle had the asserted defect, did not conduct tests, make calculations, or replicate the accident. Instead, he relied chiefly on an eyewitness's comment about the motorcycle's front wheel "wobbling" when Couls had "both hands on the handlebars." J.A. 907–08. From this, Bloch inferred that Couls had been applying his brakes to counter an unintended acceleration, which—given the later recall—Bloch attributed to defective and turned-on heated hand grips. To arrive at his assessment, Bloch added that he had "considered" a large number of documents: "[E]verything produced in the case," as plaintiffs put it. Appellants Br. 29.

Absent indicators of reliability, a district court is instructed to exclude expert testimony. *See Daubert*, 509 U.S. at 598. We are, moreover, to afford "great deference" to the district court's determination. *TFWS, Inc. v. Schaefer*, 325 F.3d 234, 240 (4th Cir. 2003) (internal quotation marks omitted). The Supreme Court has listed a set of "guideposts" to inform the admissibility inquiry, including whether an expert's method has been tested, subject to peer review, or assigned an error rate. *Nease*, 848 F.3d at 229 (discussing *Daubert*, 509 U.S. at 593–94). Here, Bloch's thin support for his opinion does not compel

4

reversal of the district court. Bloch supplied no test results of his own, peer-reviewed publications, potential rates of error, or other grounds with which to assess his opinion. Absent such "hallmarks of reliability," expert testimony "can easily, but improperly, devolve into nothing more than proclaiming an opinion is true 'because I say so.'" *Sardis*, 10 F.4th at 292, 294 (quoting *Small v. WellDyne Inc.*, 927 F.3d 169, 177 (4th Cir. 2019)).

Plaintiffs counter that these shortcomings should be excused under Federal Rule of Evidence 703, which permits experts to rely on "facts or data" that they have "been made aware of or personally observed." Fed. R. Evid. 703. But Rule 703 is beside the point. The problem with Bloch's opinion is not the *kinds* of "facts or data" he relied upon. It is rather that he has not demonstrated a reliable method for *how* those facts or data can translate to his opinion that Couls's motorcycle was defective. Even if Bloch's testimony complied with Rule 703, the district court was still within its discretion to exclude it under *Daubert*, which requires "gatekeeping" for reliability. *Sardis*, 10 F.4th at 283.

Plaintiffs also take issue with the fact that defendants' experts did not refute Bloch's methodology. Yet plaintiffs have not shown support for their premise that a district court must forfeit its gatekeeping role to the opposing party's experts. To the contrary, district courts are asked to exclude improper expert testimony on their own volition, and their "discretion does not include the decision 'to abandon the gatekeeping function.'" *Nease*, 848 F.3d at 230 (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 158–59 (1999) (Scalia, J., concurring)).

Finally, there is no merit to plaintiffs' argument that the district court erred by not holding a *Daubert* hearing. Hearings are "not necessary in all cases, as the submissions of

5

the parties may provide a sufficient basis to determine" whether testimony is admissible. *United States v. Aman*, 748 F. Supp. 2d 531, 534 (E.D. Va. 2010); *see, e.g.*, *United States v. Beasley*, 495 F.3d 142, 150 (4th Cir. 2007) ("[W]e conclude that the district court did not abuse its discretion by not conducting a *Daubert* hearing in this case."). In the present case, the district court reasonably exercised its discretion by electing to rule on the parties' briefs, Bloch's report, Bloch's deposition testimony, and his case file. Plaintiffs have not cited any controlling authority that suggests otherwise.

III.

For the foregoing reasons, we hold that the district court did not abuse its discretion by excluding Bloch's highly speculative opinion. We thus affirm the district court's grant of summary judgment to defendants.

*AFFIRMED*