**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4833**

———————

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

JOSEPH OSIOMWAN,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore.  William D. Quarles, Jr., District Judge.  (1:12-cr-00265-WDQ-1)

———————

Submitted:  November 25, 2014      Decided:  December 5, 2014

———————

Before WILKINSON and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Gary A. Ticknor, Columbia, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, James Thomas Wallner, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a bench trial, the district court convicted Joseph Osiomwan of conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846 (2012), and possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a) (2012). The district court sentenced Osiomwan to 121 months of imprisonment and he now appeals. For the following reasons, we affirm.

Osiomwan first argues on appeal that the district court erred in failing to suppress the evidence authorities obtained from a warrantless search of his cell phones seized incident to his arrest. As Osiomwan failed to raise this argument before the district court, we review this issue for plain error. See United States v. Lighty, 616 F.3d 321, 365 (4th Cir. 2010). To establish plain error, Osiomwan must establish an error that was plain and that affected his substantial rights. Id. An error is not plain if there is no controlling precedent from the Supreme Court or this court directly resolving the contested issue. United States v. Beasley, 495 F.3d 142, 149 (4th Cir. 2007). We have thoroughly reviewed the record and the relevant legal authorities and conclude that Osiomwan has failed to demonstrate that the district court committed plain error.

Osiomwan next argues that the district court erred in accepting trial counsel's stipulation that one of the Government's witnesses was an expert without ascertaining whether Osiomwan consented to the stipulation. Osiomwan, however, did not raise this objection in the district court and therefore we review this issue as well for plain error. See United States v. Baptiste, 596 F.3d 214, 222 (4th Cir. 2010). We conclude Osiomwan has failed to meet this standard. See Beasley, 495 F.3d at 149.

Osiomwan next challenges the sentence as procedurally and substantively unreasonable, arguing that the court improperly considered unreliable evidence and acquitted conduct at sentencing. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). In so doing, we examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. We presume on appeal that a sentence within a properly calculated advisory Guidelines range is reasonable.

3

United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding appellate presumption of reasonableness for within-Guidelines sentence).

At sentencing, the government need only establish drug quantities by a preponderance of the evidence. United States v. Brooks, 524 F.3d 549, 560 n.20, 562 (4th Cir. 2008); United States v. Cook, 76 F.3d 596, 604 (4th Cir. 1996). "[W]here there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." United States v. D'Anjou, 16 F.3d 604, 614 (4th Cir. 1994) (internal quotation marks omitted). We afford the district court "broad discretion as to what information to credit in making its calculations." Cook, 76 F.3d at 604 (internal quotation marks omitted).

In addition, "[w]hen determining facts relevant to sentencing, such as an approximated drug quantity, the Sentencing Guidelines allow courts to consider relevant information without regard to its admissibility at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." United States v. Crawford, 734 F.3d 339, 342 (4th Cir. 2013) (internal quotation marks omitted), cert. denied, 134 S. Ct. 1528 (2014). We conclude that the testimony on which the court relied in

determining the drug weight for sentencing purposes had sufficient indicia of reliability. The court also did not err in considering acquitted conduct proved by a preponderance of the evidence in determining the applicable Guidelines range, within the statutory penalty range established by the verdict. See United States v. Lawing, 703 F.3d 229, 241 (4th Cir. 2012), cert. denied, 133 S. Ct. 1851 (2013).

Accordingly, we affirm the judgment of the district court. We deny Osiomwan's motion to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED