UNITED STATES of America,
Plaintiff–Appellee,

v.

Carroll James FLOWERS,
Defendant–Appellant.

No. 04–3206.

United States Court of Appeals,
Tenth Circuit.

March 22, 2006.

---

Before HENRY, McKAY, and EBEL, Circuit Judges.

McKAY, Circuit Judge.

Appellant pled guilty to Count I of a multiple-count indictment for conspiracy to manufacture or distribute more than one kilogram of methamphetamine in violation of 21 U.S.C. § 841(a)(1). Prior to Appellant's plea of guilty and in an attempt to raise the statutory minimum applicable to Appellant's eventual sentence, the government filed an information with the district court outlining Appellant's prior felony drug conviction. Pursuant to 21 U.S.C. § 851(a)(1), the government was also required to serve the information on Appellant before the entry of the plea agreement. In an attempt to do so, the government faxed a copy of the information to Appellant's attorney. The district court accepted the guilty plea and set a date for sentencing. Supp. Rec., Vol. III, at 21–22.

At sentencing, based on Appellant's total offense level and criminal history, the sentencing range recommended by the United States Sentencing Guidelines Manual ("Guidelines") was between 210 months and 262 months. *Id.,* Vol. II, at 50. However, based on the prior felony conviction contained in the § 851(a)(1) information, the district court increased the statutory minimum applicable to Appellant to 240 months. Accordingly, the effective sentencing range considered by the district court was between 240 months and 262 months. *Id.; see also id.,* Vol. IV, at 3. The district court sentenced Appellant to 240 months' incarceration followed by a ten-year term of supervised release.

Submitted on the briefs: * Carroll James Flowers, pro se.

Rudy E. Verner and Peter J. Krumholz of Davis Graham & Stubbs LLP, Denver, Colorado, for Defendant–Appellant.

Eric F. Melgren, United States Attorney, and Anthony W. Mattivi, Assistant United States Attorney, District of Kansas, Topeka, Kansas, for Plaintiff–Appellee.

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

On appeal Appellant argues, *inter alia,* that the district court was without jurisdiction to impose an enhanced sentence under 21 U.S.C. § 851(a)(1) because the government failed to properly serve the § 851(a)(1) information. Appellant did not object to the district court's reliance on the § 851(a)(1) enhancement during sentencing or directly appeal on that ground. The matter is now before us on collateral review.

■ Whether § 851(a)(1) is considered jurisdictional is critical for Appellant. Jurisdictional defects cannot be procedurally defaulted or forfeited during the course of litigation. *See, e.g., United States v. Broce,* 781 F.2d 792, 797 (10th Cir.1986). Consequently, if § 851(a)(1) is not labeled jurisdictional, then Appellant may not now advance the argument that he never received the § 851(a)(1) information in a timely fashion.

Section 851(a) provides:

(1) No person who stands convicted of an offense under this part ... shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

In interpreting whether this statutory provision should be construed as jurisdictional, we are guided by the recent Supreme Court case of *Eberhart v. United States,* 546 U.S. ——, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005) (per curiam), in which the Court distinguished " 'between a rule governing subject-matter jurisdiction and an inflexible claim-processing rule.' " *Id.* at 403 (quoting *Kontrick v. Ryan,* 540 U.S. 443, 456, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004)). In *Eberhart,* which concerns a

Defendant convicted of conspiring to distribute cocaine seeking to file an untimely post-trial motion, the Court held that Federal Rule of Criminal Procedure 45(b)'s prohibition on extension of time was not jurisdictional, but nevertheless required the district court to "observe the clear limits of the Rules of Criminal Procedure when they are properly invoked." *Id.* at 406. The Court categorized Rule 45(b) as a claim-processing rule and held that such limits are "forfeitable when they are *not* properly invoked." *Id.*

The Court stated that "[i]t is implausible that the Rules considered in *Kontrick* [holding that defenses made available by the time limitations of Federal Rules of Bankruptcy Procedure may be forfeited] can be nonjurisdictional claim-processing rules, while virtually identical provisions of the Rules of Criminal Procedure can deprive federal courts of subject-matter jurisdiction." *Id.* at 405. Indeed, the Court went as far as to admonish those who referred to claim-processing rules as jurisdictional, when this descriptor should be reserved "only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority." *Id.* at 405 (internal quotation omitted).

Section 851(a) and its requirements fall neatly within the category of a claim-processing rule. Section 851(a)(1) is the same type of rule as Rule 45(b) discussed in *Eberhart,* where the requirement for timely-filing post-trial motions controls the district court's power to entertain a motion but does not govern the court's underlying authority to hear that type of case—it does not restrict the district court's subject-matter jurisdiction. Section 851(a)(1) directs the district court in imposing a sentence, but it does not limit the district court's subject-matter jurisdiction over

sentencing. *See* 18 U.S.C. § 3231 (conferring original subject-matter jurisdiction over "all offenses against the laws of the United States").

■ We have sometimes confused the term "jurisdictional" and have held in several cases that § 851's requirements were in fact "jurisdictional." In *Eberhart*, the Court acknowledged that the imprecise use of the term, often " 'to describe emphatic time prescriptions in rules of court,' " has led courts to improperly use "jurisdictional" to describe rules that do not encompass subject-matter jurisdiction. *Eberhart*, 126 S.Ct. at 406 (quoting *Kontrick*, 540 U.S. at 454, 124 S.Ct. 906). We now expressly overrule our previous decisions that have improperly designated § 851(a)'s requirements as jurisdictional.[1]

■ We are not alone in this conclusion. In *Prou v. United States*, the First Circuit explained that "[o]nce subject-matter jurisdiction has properly attached [through 18 U.S.C. § 3231], courts may exceed their authority or otherwise err without loss of jurisdiction." 199 F.3d 37, 45 (1999) (declining to hold that § 851(a)'s requirements go to the district court's subject matter jurisdiction). Likewise, the Seventh Circuit has held that § 851(a) "merely affects the district courts' power to impose penalties [and] has nothing to do with subject-matter jurisdiction...." *United States v. Ceballos*, 302 F.3d 679, 692 (2002); *see also Sapia v. United States*, 433 F.3d 212, 218 (2d Cir.2005) ("We agree with the prevailing view ... that § 851 is not 'jurisdictional.' "); *United States v.*

*Mooring*, 287 F.3d 725, 727 (8th Cir.2002) (holding that § 851(a)'s requirements are not jurisdictional). *But see Harris v. United States*, 149 F.3d 1304, 1306 (11th Cir.1998) (holding that "a district court lacks jurisdiction to enhance a sentence unless the government strictly complies with the procedural requirements of § 851(a)."). Therefore, because we determine that § 851(a)(1) is not jurisdictional, Appellant has forfeited his opportunity to raise, at the level of appellate review, the argument that he did not receive his information.

■ Appellant also argues that his counsel's performance was deficient because counsel did not file a notice of appeal, challenge the service of the § 851(a) information, or object to the inclusion of methamphetamine in the presentence report. As to the lack of appeal, the district court stated that it was "convinced after considering the totality of the circumstances, including what defense counsel knew or should have known, that defense counsel was not deficient in failing to consult with the Appellant about an appeal." Memorandum and Order, 16 (D. Kan. June 14, 2004). After conducting a fact-finding hearing, the district court determined that "[t]he uncontroverted facts establish that government complied with § 851(a) when it served by telefax a copy of the information on defense counsel prior to the defendant's entry of his plea." *Id.* at 19. Last, the district court held that counsel was not "unreasonable" in deciding not to chal-

---

1. We have circulated this opinion to the en banc court pursuant to our rules. Each member of the en banc court has concurred with our holding that § 851(a) is not jurisdictional. We therefore overrule the following cases with regard to their treatment of § 851(a) as jurisdictional: *United States v. Ruiz–Castro*, 92 F.3d 1519, 1536 (10th Cir. 1996); *United States v. Wright*, 932 F.2d 868, 882 (10th Cir.1991); *United States v. Novey*, 922 F.2d 624, 627 (10th Cir.1991); *United States v. Guerrero*, 89 Fed.Appx. 140, 146 (10th Cir.2004); *United States v. Bracamonte*, 203 F.3d 836 (10th Cir.2000); *United States v. Gonzalez–Lerma*, 71 F.3d 1537, 1540 (10th Cir.1995); *United States v. Larsen*, Nos. 90–8027, 90–8090, 1991 WL 240140, at *2 (10th Cir. Nov.12, 1991).

lenge information included in the presentence report.

We have reviewed the briefs of Appellant and Appellee and the district court's disposition, and for substantially the same reasons, we therefore **AFFIRM** the judgment of the district court.