

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-28-2006

# USA v. Bryant

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1262

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Bryant" (2006). *2006 Decisions*. Paper 822.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/822

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-241                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 06-1262
_____

UNITED STATES OF AMERICA

v.

TYRONE O. BRYANT,

Appellant
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 96-CR-00545)
District Judge:  Honorable James T. Giles
_____

Submitted For Possible Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
June 8, 2006

Before:  SLOVITER, McKEE AND FISHER, <u>Circuit Judges</u>.

(Filed: June 28, 2006)

_____

OPINION

_____

PER CURIAM

Tyrone O. Bryant appeals from an order of the United States District Court for the Eastern District of Pennsylvania, denying his motion for a new trial. For the reasons that follow, we will affirm.

Bryant was convicted of controlled substance offenses after a jury trial in February 1997. In December 2005, Bryant filed a "Motion for New Trial," pursuant to Rule 33(a) of the Federal Rules of Criminal Procedure. His motion asked for a new trial based on three grounds: (1) trial counsel refused to accept his decision to testify and did not call him to testify at trial; (2) the Government's witnesses at trial were not placed under oath; and (3) trial counsel failed to call alibi witnesses at trial. The District Court denied the motion on December 19, 2005, finding that as a Rule 33 motion it was untimely, and that it was in essence an unauthorized second or successive motion for habeas corpus relief filed pursuant to 28 U.S.C. § 2255.

On appeal, Bryant argues that his motion should have been deemed timely pursuant to Eberhart v. United States, 126 S. Ct. 403 (2005), as the Government did not raise a defense of untimeliness in the District Court. He also notes that the Government has not filed any response in this Court. He argues that his motion should have been heard on the merits, and asks that this Court reverse the District Court's order and remand for a new trial or evidentiary hearing.

2

Bryant correctly argues that in Eberhart, the Supreme Court clarified that the timeliness provisions of Rule 33 are not jurisdictional, and that the timeliness defense may be forfeited if not raised by the Government. Eberhart, 126 S. Ct. at 407. However, we do not read Eberhart as precluding a court from applying this "inflexible, claim-processing rule," to determine, sua sponte, that a motion is untimely. Id. at 404.

Further, we agree with the District Court that Bryant's motion was essentially an unauthorized second or successive § 2255 motion.[1] A § 2255 motion is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence, unless such a motion would be "inadequate or ineffective to test the legality of his detention." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); 28 U.S.C. § 2255. A § 2255 motion is inadequate or ineffective only when "some limitation of scope or procedure" prevents a movant from receiving an adjudication of his claim. Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. A Rule 33 motion, even if timely, may not be used to do an end-run around the time limitations of § 2255. Johnson v. U.S., 246 F.3d 655, 659 (6th Cir. 2001). Before his motion could have been entertained on the

---

[1]Bryant filed an unsuccessful § 2255 motion in 1999. This Court denied his application for a certificate of appealability. See United States v. Bryant, C.A. No. 99-1846, Order entered March 27, 2001.

3

merits in the District Court, Bryant was thus required to file an application seeking permission to file a second or successive § 2255 motion in this Court.[2]

We will therefore affirm the order of the District Court. Bryant's motion for appointment of counsel is denied.

---

[2]It does not appear that Bryant could meet the qualifications for filing a second or successive motion, as his motion does not rely on new evidence or a new rule of constitutional law. See 28 U.S.C. §§ 2244 and 2255.