

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-28-2006

# USA v. Bryant

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1263

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Bryant" (2006). *2006 Decisions*. Paper 821.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/821

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-242                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 06-1263
_____

UNITED STATES OF AMERICA

v.

TYRONE O. BRYANT,

Appellant

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 96-CR-00545)
District Judge:  Honorable James T. Giles

_____

Submitted For Possible Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
June 8, 2006

Before:  SLOVITER, McKEE AND FISHER, Circuit Judges.

(Filed: June 28, 2006)

_____

OPINION
_____

PER CURIAM

Tyrone O. Bryant appeals from an order of the United States District Court for the

Eastern District of Pennsylvania, denying his "Motion to Compel the Court to Correct the

Defendant's Sentence on its Own Motion in Reference to a Jurisdictional Defect in the Government's Information under 21 U.S.C. § 851(a)(1)." For the reasons that follow, we will affirm.

Bryant was convicted of controlled substance offenses after a jury trial in February 1997. In December 2005, Bryant filed the above-referenced motion. His motion argued that the District Court lacked jurisdiction to impose a life sentence because he did "not have the prior conviction stated in the government's information paragraph one," which was filed in conjunction with his 1997 conviction. Bryant also argued that the District Court lacked jurisdiction because an "Assistant" United States Attorney had sought to have Bryant's sentence enhanced pursuant to 21 U.S.C. § 851(a)(1), while § 851(a)(1) provides that the "United States Attorney" is the one to file an information with the court. The District Court denied the motion as frivolous on January 4, 2006, noting that the state court record unequivocally established Bryant's prior conviction.

On appeal, Bryant argues again that the District Court lacked jurisdiction[1] to enhance his sentence because the conviction stated in paragraph one of the Government's

---

[1]We note that a majority of courts to have considered the issue have found that the requirements of § 851 are not "jurisdictional." See e.g., United States v. Flowers, 441 F.3d 900, 903 (10th Cir. 2006) (listing cases).

information was not his conviction,[2] and that the "Assistant" U.S. Attorney lacked authority to seek a statutory enhancement.

As we noted today in a companion case, United States v. Bryant, C.A. No. 06-1262; a § 2255 motion is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence, unless such a motion would be "inadequate or ineffective to test the legality of his detention." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); 28 U.S.C. § 2255. A § 2255 motion is inadequate or ineffective only when "some limitation of scope or procedure" prevents a movant from receiving an adjudication of his claim. Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). In Cradle, this Court noted that a claim that the Government did not follow the procedures of 21 U.S.C. § 851 "falls within the purview of § 2255," and that § 2255 was not inadequate or ineffective simply because the petitioner was "unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. Thus, before his motion could have been entertained on the merits in the District Court,

---

[2]It appears that Bryant was charged in the state court with several criminal violations in four cases, numbered 0724, 0726, 0727 and 0728. Pursuant to a negotiated plea, the charges of 0724 were dropped and he was sentenced concurrently on the remaining three cases. Bryant apparently argues that because the Government mistakenly listed his prior conviction as "CP 8903-0724" in its notice to seek a sentence enhancement, the District Court lacked jurisdiction to enhance his sentence.

3

Bryant (who had previously filed a § 2255 motion) was required to file an application seeking permission to file a second or successive § 2255 motion in this Court.[3]

We will therefore affirm the order of the District Court.

---

[3]To the extent a certificate of appealability is required for this appeal, it is denied. We further note that it does not appear that Bryant could meet the qualifications for filing a second or successive motion, as his motion does not rely on new evidence or a new rule of constitutional law. See 28 U.S.C. §§ 2244 and 2255.