FILED
United States Court of Appeals
Tenth Circuit

September 28, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA

    Plaintiff - Appellee,

v.

BRADLEY LEE MCGIRR,

    Defendant - Appellant.

No. 15-8117
(D.C. No. 1:15-CR-0045-SWS-1)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **MATHESON,** and **BACHARACH**, Circuit Judges.

    Bradley Lee McGirr seeks to appeal his conviction for conspiracy to possess with

intent to distribute, and to distribute, methamphetamine. His appointed counsel on appeal

has submitted an *Anders* brief seeking to withdraw as counsel and stating that Mr.

McGirr cannot present a non-frivolous ground for reversal. Having carefully reviewed

the record, we agree. Exercising jurisdiction under 28 U.S.C. § 1291, we grant counsel's

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

motion to withdraw and dismiss the appeal.

## I.  BACKGROUND

### A.  *The Indictment*

In March 2015, the United States indicted Mr. McGirr for conspiracy to possess with intent to distribute, and to distribute, 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846.

### B.  *The Trial*

In October 2015, the question of Mr. McGirr's guilt was presented to a jury.  Four parts of the trial are especially relevant to the pending motion.

First, the district court granted the Government's motion in limine to exclude certain impeachment evidence.  Specifically, Mr. McGirr sought to impeach the Government's witness, Wyoming Division of Criminal Investigation Agent Chris McDonald, with evidence that he engaged in nefarious conduct while investigating Mr. McGirr.  The district court determined there was nothing more than "innuendo, suggestion, [and] speculation" to support Mr. McGirr's purported impeachment evidence.  Trial Transcript at 137.  It precluded Mr. McGirr from cross-examining Agent McDonald regarding any such conduct.

Second, the district court denied Mr. McGirr's motion in limine to preclude Agent McDonald from testifying as both a fact witness and expert witness regarding drug investigations, street lingo, and costs and methods of selling drugs.  To ensure the jury gave appropriate weight to Agent McDonald's testimony, the district court gave the

- 2 -

following jury instruction:

> Jury Instruction Number 8: You have heard the testimony of Mr. McDonald, who testified as [to] both facts and opinions. Each of these types of testimony should be given the proper weight. As to the testimony on facts, consider the factors discussed earlier in these instructions for your weighing the credibility of fact witnesses.
>
> As to the testimony on opinions, you do not have to accept Mr. McDonald's opinions. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Trial Transcript at 734-35. The court gave a similar limiting instruction immediately following Agent McDonald's testimony.

Third, the court denied Mr. McGirr's motion for a mistrial based on witnesses allegedly violating the court's sequestration order. The motion arose from certain government witnesses talking to one another during trips to the courthouse together.

Fourth, during the cross-examination of one government witness, Mr. McGirr's attorney asked whether the witness had spoken with another witness about Mr. McGirr's case. The witness responded: "We did talk a little bit. We only talked about the case. [The other witness] told me that Brad [McGirr] was offered a plea of 15 years and that he was . . . ." Trial Transcript at 393. At that point, the court instructed the witness to stop talking. The court struck the answer and held a sidebar conference with counsel to discuss how to proceed. During the sidebar, defense counsel moved for a mistrial, which the court took under submission.

After returning from the sidebar, the court gave the following jury instruction:

> Ladies and gentlemen, I'll instruct you to disregard the witness's response to the last question. And I'll also advise you that punishment provided by law for offenses charged in this matter are exclusively within the province of the court and should not be considered by the jury in any way in arriving at the verdict in this case.

Trial Transcript at 394. The court later denied Mr. McGirr's motion for a mistrial.

## C.  *The Conviction and Sentence*

The jury convicted Mr. McGirr of the conspiracy charge.

Before trial and sentencing, the prosecution notified Mr. McGirr that it would seek an enhanced sentence under 21 U.S.C. § 851 based on Mr. McGirr's prior felony drug convictions. At sentencing, the district court determined Mr. McGirr's offense level was 37 and his criminal history category was VI. That produced a United States Sentencing Guidelines ("Guidelines") range of 360 months to life. Mr. McGirr requested a variance from the Guidelines range, arguing that a lower sentence would serve punitive and rehabilitative goals. The district court sentenced Mr. McGirr to 300 months in prison and 10 months of supervised release.

## D.  *The* **Anders** *Brief*

On January 18, 2016, Mr. McGirr filed a notice of appeal. On June 15, 2016, Mr. McGirr's appointed counsel filed the opening brief under *Anders v. California*, 386 U.S. 738 (1967), which

> authorizes counsel to request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous. Under *Anders*, counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court.

- 4 -

The Court must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citations omitted).

In the brief, counsel identifies eight potential grounds for appeal: (1) the district court's exclusion of the impeachment evidence of Agent McDonald's purported nefarious conduct; (2) the court's denial of the motion in limine to preclude Agent McDonald from testifying as both a fact and expert witness; (3) the court's denial of the motion for a mistrial based on witnesses' violating the court's sequestration order; (4) the court's denial of the motion for a mistrial after a government witness referenced Mr. McGirr's plea deal; (5) Mr. McGirr's trial attorney's failure to impeach Agent McDonald with evidence of his purported nefarious conduct; (6) his attorney's failure to appeal or challenge Mr. McGirr's request for pretrial release; (7) his attorney's failure to call certain witnesses on Mr. McGirr's behalf; and (8) the length of the district court's sentence.

Because counsel concludes each ground is frivolous, he seeks to withdraw as Mr. McGirr's counsel on appeal. In a letter to this court in response to the *Anders* brief, the Government agrees there are no non-frivolous arguments to challenge Mr. McGirr's conviction or sentence. Doc. 10398356.

### E. *Mr. McGirr's Response*

Of the eight potential grounds identified by his counsel, Mr. McGirr focuses on

only one in his response to the *Anders* brief:  the district court's failure to grant a mistrial based on a witness's reference to Mr. McGirr's plea deal.  Although Mr. McGirr identifies three purported grounds to appeal, each ground involves the district court's handling of the witness's statement.

## II.  DISCUSSION

### A.  *Denial of Impeachment Evidence*

1.  **Standard of Review**

We review evidentiary rulings, including rulings on impeachment evidence, for abuse of discretion.  *United States v. Smalls*, 752 F.3d 1227, 1236 (10th Cir. 2014).  Under this standard, we "will not reverse a district court's decision if it falls within the bounds of permissible choice in the circumstances."  *Id.* (quotation omitted).  "Nor will we reverse that decision absent a distinct showing it was based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment."  *Id.* (quotation omitted).

2.  **Legal Standard**

"[C]ourts require a 'good faith' basis before permitting a party to cross examine regarding prior bad acts."  *United States v. Ruiz-Castro*, 92 F.3d 1519, 1528–29 (10th Cir. 1996), *overruled on other grounds by United States v. Flowers*, 441 F.3d 990 (10th Cir. 2006).  "[T]he basis for the impeachment cannot be speculation and innuendo with no evidentiary foundation.  [Instead,] . . . the questioner must be in possession of some

- 6 -

facts which support a genuine belief that the witness committed the offense or the degrading act to which the questioning relates." *Id.* (citation and quotations omitted).

3. **Analysis**

We agree with the district court that Mr. McGirr lacked a good-faith basis to impeach Agent McDonald. Mr. McGirr relied on a Government witness's letter. At trial, the Government proffered that the witness had written a letter that repeated accusations made by a third party about Agent McDonald. The accusations were therefore not based on the witness's personal knowledge. The Government also proffered that the witness had (1) apologized to Agent McDonald for writing the letter, (2) said that everything in the letter was "completely untrue," and (3) explained that he wrote the letter while high on methamphetamine. Mr. McGirr's attorney provided no evidence refuting the Government's proffer.

Our independent review of the record confirms the district court's view that the impeachment evidence was founded on nothing more than innuendo, suggestion, and speculation. As such, Mr. McGirr lacked a good-faith basis to offer the letter as evidence of Agent McDonald's bad conduct. Because the court did not abuse its discretion in excluding this impeachment evidence, we agree with appellate counsel that Mr. McGirr cannot present a non-frivolous argument to appeal his conviction on this ground.

## B. *Denial of Motion in Limine to Exclude Fact and Expert Witness*

### 1. **Standard of Review**

"The district court's decision to admit or exclude evidence generally, including expert testimony, is typically reviewed under an abuse of discretion standard. . . . A trial court's decision will not be disturbed unless this Court has a definite and firm conviction that the trial court has made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 968–69 (10th Cir. 2001) (brackets, citations, and quotation omitted).

### 2. **Legal Standard**

Rule 702 of the Federal Rules of Evidence addresses expert opinion testimony. A law enforcement witness who qualifies to testify as an expert under Rule 702 may also testify as a fact witness. *See United States v. Vann*, 776 F.3d 746, 757-58 (10th Cir. 2015) (finding no abuse of discretion when an agent served as both a fact and expert witness, and stating "[a]t bottom, it is this circuit's longstanding view that police officers can acquire specialized knowledge of criminal practices and thus the expertise to opine on such matters" (quotation omitted)); *United States v. Simpson*, 152 F.3d 1241, 1250-51 (10th Cir. 1998) (finding no error when an agent served as both a fact and expert witness, especially because the jury was informed of the agent's dual roles and the agent was subject to cross-examination).

3. **Analysis**

In a motion in limine, Mr. McGirr objected to Agent McDonald's providing expert testimony. He argued that, because Agent McDonald was the Government's primary investigative agent, the jury might give undue weight to his expert testimony. But, as noted, a witness may testify as both a fact and expert witness. *See Vann*, 776 F.3d at 757-58. At trial, Mr. McGirr did not challenge that Agent McDonald was qualified to do so. Indeed, Mr. McGirr conceded that law enforcement can assist the jury to understand the evidence with expert testimony in narcotics cases such as his. Dist. Ct. Doc. 66 at 2 (citing *United States v. Quintana*, 70 F.3d 1167 (10th Cir. 1995)).

The district court also mitigated any risk the jury would give undue weight to the expert evidence by giving an instruction on appropriate consideration of Agent McDonald's testimony. The court followed the Sixth Circuit, which requires such instructions when law enforcement provides both fact and expert testimony. Trial Transcript at 5 (giving the cautionary instruction based on *United States v. Lopez-Medina*, 461 F.3d 724 (6th Cir. 2006)).

We therefore agree with counsel that there are no non-frivolous arguments that the district court abused its discretion by allowing Agent McDonald to testify as both a fact and expert witness.

### C. *Motion for a Mistrial for Violation of Witness Sequestration*

1. **Standard of Review**

"Whether to grant a mistrial . . . is within the sound discretion of the district

court." *United States v. Wells*, 739 F.3d 511, 533 (10th Cir. 2014).

2. **Legal Standard**

"The district court has discretion to grant a mistrial only when a defendant's right to a fair and impartial trial has been impaired." *United States v. Meridyth*, 364 F.3d 1181, 1183 (10th Cir. 2004). That evaluation "call[s] for an examination of the prejudicial impact of an error or errors when viewed in the context of an entire case." *Id.*

Under Rule 615 of the Federal Rules of Evidence, a court may order "witnesses excluded so that they cannot hear other witnesses' testimony." "This rule requires not only that prospective witnesses be excluded from the courtroom, but also that they be prohibited from discussing the case with other witnesses." *United States v. Samuels*, 493 F.3d 1187, 1190 (10th Cir. 2007) (quotation omitted). "The purpose of the rule is to prevent one witness from shaping his testimony to match that given by other witnesses at the trial." *Tasty Baking Co. v. N.L.R.B.*, 254 F.3d 114, 122-23 (D.C. Cir. 2001) (quotation omitted).

A violation of a court's sequestration order "alone does not render the witness's testimony inadmissible." *United States v. Washington*, 653 F.3d 1251, 1268 (10th Cir. 2011) (brackets and quotation omitted). Instead, it remains "within the district court's discretion to admit or exclude the witness's testimony" when a violation has occurred. *Id.* (quotation omitted). Courts look to the culpability of the party presenting the evidence and probable prejudice before excluding a witness's testimony based on a violation of a sequestration order. *Id.* at 1269.

- 10 -

3. **Analysis**

We agree with counsel that the district court did not abuse its discretion in denying the motion for a mistrial, which was based on an alleged violation of the court's sequestration order. First, each of the witnesses who spoke with one another did so before they testified, so they could not have recounted their trial testimony. *See United States v. Collins*, 340 F.3d 672, 681 (8th Cir. 2003) (upholding the district court's denial of a motion for a mistrial based on a violation of a sequestration order because "[n]either [witness] could tell the other about the nature of his testimony because neither had testified prior to the time they were in the holding cell").

Second, the district court stated "there's no indication[] that there was any discussion regarding the testimony that they were going to give in this matter." Trial Transcript at 704. Our independent review of the record supports that finding. Mr. McGirr therefore cannot show the witnesses sought to circumvent the purpose of Rule 615 by shaping their trial testimony to match one another's. *See Tasty Baking Co.*, 254 F.3d at 122-23.

We agree with counsel that Mr. McGirr cannot present a non-frivolous argument to appeal his conviction on this ground.

### D. *Motion for a Mistrial for Reference to Mr. McGirr's Plea Deal*

1. **Standard of Review**

As noted above, "Whether to grant a mistrial . . . is within the sound discretion of the district court." *Wells*, 739 F.3d at 533.

- 11 -

2. **Legal Standard**

When a witness has made a potentially prejudicial statement at trial, courts evaluate whether to grant a mistrial by looking at "(1) whether the prosecutor acted in bad faith, (2) whether the district court limited the effect of the improper statement through its instructions to the jury, and (3) whether the improper remark was inconsequential in light of other evidence of the defendant's guilt." *United States v. Meridyth*, 364 F.3d at 1183.

3. **Analysis**

Using the *Meridyth* factors as a guide, and after reviewing the record, we conclude there is no meritorious argument that the district court abused its discretion in denying Mr. McGirr's motion for a mistrial.

First, there is no indication the prosecutor acted in bad faith. *Meridyth*, 364 F.3d at 1183. Indeed, defense counsel—not the prosecutor—asked the question that led to the witness's reference to Mr. McGirr's plea deal. And the district court specifically found that the answer was "unintentionally elicited through cross-examination." Trial Transcript at 488.

Second, the district court limited the potential prejudice of the improper statement through its swift and carefully tailored jury instruction. *Meridyth*, 364 F.3d at 1183. Before instructing the jury, the court drafted its instruction to avoid drawing undue attention to the witness's statement. *See* Trial Transcript at 393-94 (asking counsel whether the court should say the word "negotiations" in the instruction); *id.* at 488 ("I'm

- 12 -

always concerned about re-ringing bells and re-emphasizing something . . . that [the jury] shouldn't be considering."). And, contrary to Mr. McGirr's argument that the court failed to instruct the jury not to consider the statement when deciding his guilt, the court explicitly stated that the witness's answer "should not be considered by the jury in any way in arriving at the verdict in this case." *Id.* at 394. The jurors are also presumed to have followed the court's instructions. *See Zafiro v. United States*, 506 U.S. 534, 540 (1993).[1]

Third, our careful review of the entire trial record supports that the remark was inconsequential in light of other evidence of Mr. McGirr's guilt, which included seven confidential informants connected to the conspiracy whose testimony supported each element of Mr. McGirr's conviction for conspiracy.

Finally, when it denied the motion for a mistrial, the district court appropriately relied on *United States v. Wells*, 739 F.3d 511, 533 (10th Cir. 2014). There, a witness referenced the defendant's plea deal in response to a prosecutor's question. 739 F.3d at 532. The district court instructed the jury to "disregard" the answer and stated, "We're getting into an area that's not proper for jury consideration." *Id.* On appeal, we determined, based on the three *Meridyth* factors, that the district court did not abuse its

---

[1] Mr. McGirr relies on *United States v. Davis*, 60 F.3d 1479 (10th Cir. 1995) to argue he is entitled to a "presumption of prejudice." That case recognized a presumption of prejudice "whenever a jury is exposed to external information in contravention of a district court's instructions." 60 F.3d at 1484-85. Here, there is no allegation that the jury was presented with external prejudicial information, but only inadmissible evidence during the course of trial. Mr. McGirr's reliance on *Davis* therefore fails.

discretion by denying a motion for a mistrial. *Id.* at 533-34.

The *Wells* facts are similar to what happened here—the witnesses in both cases unexpectedly mentioned the defendants' plea deal. Indeed, the district court stands on even stronger footing here than in *Wells* because its instruction was more specific in stating that the defendant's potential sentence is not relevant to Mr. McGirr's guilt. Also, in *Wells* the prosecutor asked the question leading to the witness's response. Here, the defense counsel elicited the testimony. *Wells* forecloses any argument that the district court abused its discretion in denying the motion for a mistrial. Mr. McGirr therefore cannot raise a non-frivolous argument to appeal his conviction on this ground.

### E. *Ineffective Assistance Claims*

Mr. McGirr's appellate counsel identifies three potential ineffective-assistance-of-trial-counsel grounds to appeal: Mr. McGirr's trial attorney (1) did not challenge the denial of his pretrial release; (2) failed to impeach Agent McDonald with evidence of his purported "bad conduct"; and (3) failed to call witnesses on his behalf.

"Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995). We recognize only "rare instances" when "an ineffectiveness of counsel claim may need no further development prior to review on direct appeal." *Id.* This is not one of them. The record here is not developed enough to facilitate review on direct appeal of Mr. McGirr's ineffective assistance claims.

He must raise any ineffective assistance arguments in a collateral proceeding. *See United States v. Delecruz-Soto*, 414 F.3d 1158, 1168 (10th Cir. 2005) (declining, in considering an *Anders* brief, to consider an ineffective assistance of counsel claim on direct appeal).

F. *Sentence*

1. **Standard of Review**

"We review sentences for reasonableness under a deferential abuse of discretion standard." *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).

2. **Legal Standard**

"Reasonableness review is comprised of a procedural component and a substantive component." *Id.* "A sentence is procedurally unreasonable if the district court incorrectly calculates or fails to calculate the Guidelines sentence, treats the Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, relies on clearly erroneous facts, or inadequately explains the sentence." *Id.*

"A sentence is substantively unreasonable if the length of the sentence is unreasonable given the totality of the circumstances in light of the 18 U.S.C. § 3553(a) factors." *Id.* "Sentences imposed within the correctly calculated Guidelines range . . . may be presumed reasonable on appeal." *Id.* (citing *Gall*, 128 S.Ct. at 597; *Rita v. United States,* 551 U.S. 338 (2007)). It follows that a sentence below the Guidelines range "is presumed to be reasonable." *United States v. Damato*, 672 F.3d 832, 848 (10th Cir. 2012). A defendant "may rebut that presumption by showing that the § 3553(a) factors

justify a lower sentence." *Haley*, 529 F.3d at 1311.

3. **Analysis**

In his *Anders* brief, counsel identifies a substantive reasonableness challenge to Mr. McGirr's sentence as a possible ground for appeal but then rejects it as frivolous. We agree.

A thorough review of the record shows any substantive challenge to the length of Mr. McGirr's sentence—which fell 60 months below the Guidelines range—lacks merit. At sentencing, Mr. McGirr's attorney agreed that the career-offender guideline applied, placing Mr. McGirr's offense level at 37 and his criminal history category at VI. Instead of challenging the Guidelines range, his trial attorney argued 20 years in prison was sufficient to accomplish both punitive and rehabilitative goals. Due to the lack of any objection to the guideline range that produced a low end of 360 months, we cannot say the court abused its discretion in sentencing Mr. McGirr to 60 months *below* the Guidelines range. Our own review of the record does not uncover any other evidence that would give rise to a non-frivolous argument that the court imposed an unreasonably high sentence or that Mr. McGirr could rebut its presumptive reasonableness. Nor have we identified any ground to challenge Mr. McGirr's sentence on procedural grounds.

\* \* \*

In addition to our independent review of the record to analyze the potential grounds for appeal identified in appellate counsel's *Anders* brief, we also reviewed the record to determine whether a non-frivolous argument would support any other ground

for appeal.  We found none.

## III. **CONCLUSION**

Our independent review of the record uncovered no potentially meritorious arguments for a direct appeal challenging Mr. McGirr's conviction or sentence.  We therefore grant counsel's motion to withdraw and dismiss the appeal.  Mr. McGirr's request for transcripts, discovery, and other information related to his appeal is therefore denied as moot.  Doc. 10387387.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge